STATE of Missouri, Respondent,

v.

Richard HERRON, Appellant.

No. 49867.

Supreme Court of Missouri,
Division No. 1.
March 9, 1964.

Richard Herron, pro se.

Thomas F. Eagleton, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., Jefferson City, for respondent.

HOLLINGSWORTH, Presiding Judge.

This is a proceeding brought by defendant under S.Ct. Rule 27.26, V.A.M.R., 4 RSMo 1959, p. 4924, to vacate and set aside a sentence of imprisonment imposed upon him for the crime of robbery in the first degree

and under which sentence he is now imprisoned in the State Penitentiary. Denied the relief sought, he has appealed to this court.

Upon trial by jury in the Circuit Court of Mississippi County, at which he was represented by counsel, defendant was found guilty of the crime of robbery in the first degree of one J. C. Happe and his punishment was assessed at imprisonment in the State Penitentiary for a term of fifty years. See §§ 560.120 and 560.135 RSMo 1959, V.A.M.S. (to which revision all statutory references herein are made). Following rendition of judgment and imposition of sentence in accordance with the verdict, defendant perfected his appeal to this court, where, on review, the judgment was affirmed. State v. Herron, Mo.Sup., 349 S.W.2d 936.

The pro se motion filed by defendant to vacate and set aside the judgment rendered in the trial court and affirmed on appeal by this court is quite illiterate and frequently so incoherent as to defy understanding of the meaning intended. It is clear, however, that it sufficiently, among other things, alleges: (1) that the complaint upon which defendant was arrested and thereafter ordered held for trial in the circuit court was insufficient; (2) that he had ineffective assistance of counsel and was deprived of a fair trial because of the youth and inexperience of the attorney who presented himself to and did represent defendant when an attorney theretofore designated by the trial court to represent him did not appear on the day the case came on for trial; (3) that the prosecuting attorney and sheriff threatened that they would see that he was given the death penalty, following which defendant made a "supposed" confession; and (4) that he was denied use of the trial transcript in preparing the instant motion.

The transcript of the files and records certified here on this appeal shows that on the 12th day of September, 1962, the trial court permitted defendant, as an indigent person, to file the motion to vacate and set aside the sentence imposed upon him for the crime of robbery; and that upon examination of the motion and the files and records of the case the trial court was satisfied that defendant was not entitled to the relief sought and denied his motion without hearing.

Defendant's contention that the complaint filed against him was void and did not lawfully warrant his arrest is predicated upon the fact that it was signed by the prosecuting attorney, who, defendant alleges, was not a lawful "complaining witness" within the meaning of § 544.020, which reads: "Whenever complaint shall be made, in writing and upon oath, to any magistrate setting forth that a felony has been committed, and the name of the person accused thereof, it shall be the duty of such magistrate to issue a warrant * * *." He insists that there is no showing that the prosecuting attorney was a "credible witness" having knowledge of the facts.

It is not necessary that the prosecuting attorney have firsthand knowledge of the crime alleged in order to be qualified to make the complaint. S.Ct. Rule 21.08. See also State on inf. McKittrick v. Wymore, 345 Mo. 169, 132 S.W.2d 979, 987 [15, 16]; State v. Thomas, 353 Mo. 345, 182 S.W.2d 534, 539 [4]. Moreover, the record is clear that following arrest (and, we may assume, preliminary examination under § 544.420 or waiver thereof under § 544.250—the record does not show) defendant, as provided by § 544.250, was charged on information filed in the circuit court by the prosecuting attorney with the offense charged in the complaint filed in the magistrate court and that thereafter defendant, upon arraignment in open court with his counsel present, entered plea of not guilty and announced ready for trial. In so doing, he waived the herein alleged invalidity of the complaint upon which the warrant for his arrest was issued. State v. Richardson, Mo., 347 S.W.2d 165, 169, cert. den. 83 S.Ct. 953, 372 U.S. 954, 9 L.Ed.2d 978.

Defendant's contention that he did not have effective assistance of counsel and did not therefore receive a fair trial presents a vexing problem, due, in part at least, to the confusing state of the record in the robbery case. His contention in that regard stems from the fact that the trial court appointed Honorable Warren E. Hearnes, an experienced trial lawyer, to represent defendant. But, when the case came to trial Mr. Hearnes' associate, Mr. James E. Spain, who at that time had been admitted to the Bar less than two months, alone appeared for and represented defendant throughout the trial and, following defendant's conviction, prepared and filed defendant's motion for new trial and thereafter signed and filed defendant's notice of appeal to this court.

A duly certified photostatic copy of the minutes entered by the trial judge and made a part of the transcript herein filed, to the extent here material, shows as follows:

"9–13–1960—Comes now State by pros. atty. Def. in person custody of Sheriff, without counsel. Court finds Def. is unable to retain counsel and appoints Warren E. Hearnes to represent the Defendant.[1]

"10–11–1960—Set for trial on October 19, 1960. Venire facias for 10 jurors.

"10–19–1960—Comes now State by pros. atty. Def. in person and by his retained attorney James Spain.[2] Defendant formally arraigned 'not guilty'

"Parties announce ready for trial. Jury panel sworn and questioned— Scratched—selected.

"Jury sworn to try case."

A certified copy of the judgment and sentence rendered on November 8, 1960, recites in material part:

"Now at this time comes the State by Roderic R. Ashby, Prosecuting Attorney, also comes the defendant herein, in person, in the custody of the Sheriff of this County, and in the presence of James E. Spain, his attorney, in open Court, the said James E. Spain being associated with Warren E. Hearnes, a member of the bar of this Court, who has heretofore been appointed by the Court to represent the defendant; and the defendant, having had reasonable time and opportunity to consult with his attorney and with friends before entering upon the trial of this case, is now informed by the Court that he was tried before a jury on October 19th, 1960 said trial resulting in a verdict of guilty of robbery in the first degree and that his punishment was assessed at 50 years and being now asked by the Court if he has any legal cause to show why Judgment should not be pronounced against him according to law, and still failing to show such cause, it is therefore sen-

---

1. The record does not show that Mr. Hearnes was present when the appointment was made or that he ever was advised that it was made. The files show a copy of a letter purportedly signed by Mr. Hearnes and addressed to defendant under date of July 25, 1962 which reads as follows:
    "This is to acknowledge your letter of July 25, 1962, and to say that I am not familiar with your case.
    "I am sorry that I can not help you in any way but the Attorney General has ruled that as Secretary of State I am not permitted to take part in the defense of criminal cases."

2. There is also in the files, in a "Statement of Facts" filed by defendant in this court on June 25, 1963, a purported copy of a letter alleged to have been received by defendant from Mr. Spain on October 17, 1962, wherein he states:
    "As you know, I am no longer located in Charleston and therefore do not have access to the court records. My memory fails me as to how I became involved in this case and I cannot say as to whether I was appointed by the court or how."

tenced, ordered and adjudged by the court", etc.

In the motion herein filed, defendant alleges that at "no time did said Warren E. Hearnes contact" him but that instead Mr. Hearnes assigned the defense of the case to his partner, Mr. Spain; that if Mr. Hearnes had represented defendant as ordered he (defendant) would have been afforded the same consideration as was his co-defendant, Raymond Herron, who, on change of venue to Cape Girardeau County "was allowed by the same prosecuting attorney * * * to plead guilty to a charge of stealing over fifty dollars" and was sentenced to imprisonment for a term of eight years; that at no time did defendant hire Mr. Spain as his attorney; and that Mr. Spain was "just out of law school and not versed in law" as was Mr. Hearnes; and that Mr. Spain did not cause to be subpoenaed or interview or place upon the witness stand in behalf of defendant certain witnesses whose names defendant allegedly furnished to him, thereby depriving defendant of a just and fair trial.

Defendant's motion further states: "Movant states that before his trial that the Sheriff and the prosecuting Attorney on many occassions, Reminded the movant that they would see that the movant was given the death sentence. A Confession was supposed to be made by the movant in the sherriff office. The Prosecuting Attorney in company of Jane Sisk, and Sam E. Story came to the Jail building with A tape Recorder and was trying to get the movant to make A statement, Saying that the same was to be used against the Co-Defendant in this cause." In connection with the foregoing allegation, we note from the transcript that as a part of the State's case in chief a statement admittedly signed by defendant was offered by the State and, *without objection,* admitted in evidence, which, among other things, states: "I * * * hit Mr. Happe and they, Raymond & Betty were right behind me. I hit him with a peice of pole, it was green and weighed about three or four pounds. Mr. Happe was all hunkered down on his knees and I hit him right on top of his head. When I hit him, he fell down and I started walking off and Raymond and Betty started going through his pockets." But, when defendant testified in his own behalf at the trial, he stated: "Q What did you hit Mr. Happe with? Was it a tire tool? A I did not hit Mr. Happe, sir. Q Or a pole? A I did not hit him. I plead guilty to that to try to protect my brother on that." The significance, if any, of this phase of the trial proceedings in determining whether defendant had effective assistance of counsel at the trial is not ascertainable from a mere examination of the files and records in the instant proceeding; it might become meaningful upon hearing of the motion on its merits.

In his brief filed herein, defendant also states that he went to trial believing that Warren E. Hearnes, a reputable and experienced lawyer, was going to defend him; that, being illiterate, feeble minded and unfamiliar with courtroom procedure, defendant did not know, when Mr. Spain alone appeared in his behalf, that the court had not appointed Mr. Spain to represent him and that he (defendant) did not know how to get rid of Mr. Spain; and that, believing he had to go to trial with Mr. Spain as his attorney, he made no protest.

■ This court (as perhaps every court vested with jurisdiction of felony cases) too often has occasion to review what eventually proves to be groundless accusations of "ineffective assistance of counsel". But such charges, when made and not so patently without foundation as conclusively to demonstrate their want of merit, must be heard by the trial court in accordance with the provisions of Rule 27.26, and the proceedings of the hearing adequately preserved for appellate review as authorized by law. State v. Moreland, Mo., 351 S.W.2d 33, 35 [1] [2, 3] [4].

■ Summed up, the basic facts are these: Defendant was placed on trial for the capital offense of robbery in the first degree by means of a dangerous and deadly

weapon. See § 560.135. The trial court, upon showing of defendant's indigency, very properly appointed an experienced and seasoned trial lawyer to represent him. However, when the case came to trial that task, for some reason not made clear in the record, was assumed by Mr. Spain. Insofar as the record shows, Mr. Spain actively applied himself to that task. Defendant, however, here charges him with ineffective assistance, which defendant contends directly resulted in his being unjustly convicted or, at least, in his receiving an unjustly long sentence of imprisonment. The accuracy or inaccuracy of defendant's contention obviously is of material import in determining whether defendant in fact had effective assistance of counsel within the meaning of the due process clauses of both the State and Federal Constitutions. In re Goodwin, Mo., 359 S.W.2d 601; 23 C.J.S. Criminal Law § 982, pp. 967–978; Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; Cofield v. United States, 9 Cir., 263 F.2d 686, 688–689 [1, 2] [3]; Adams v. United States, 95 U.S.App.D.C. 354, 222 F.2d 45, 47 [5–7].

Consequently, we are constrained to hold that the order denying, without hearing on its merits, the motion to vacate and set aside the sentence imposed upon defendant in the robbery case should be and is set aside, to the end that the trial court may cause notice of said motion to be served on the prosecuting attorney and the motion to be heard on its merits; that defendant be granted a writ of habeas corpus ad testificandum (as prayed in his motion); and that he have such other process as may be necessary to a full hearing of the motion on its merits.

■ With respect to the hearing of said motion, we note that it is a civil rather than a criminal proceeding, State v. Smith, Mo., 324 S.W.2d 707, 712; Gershon v. United States, 8 Cir., 243 F.2d 527, and that defendant is not entitled as a matter of right to counsel solely by reason of indigency. But, if the court, in its discretion, should determine that due to ignorance or mental in-capacity of defendant he is unable understandingly to present said motion, and that the ends of justice would be served only by appointment of counsel, such action may be taken. Fay, Warden, v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Townsend v. Sain, Sheriff, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. In the recent case of Sanders v. United States, 373 U.S. 1, 22–23, 83 S.Ct. 1068, 1081, 10 L.Ed.2d 148, 165, the U. S. Supreme Court observed:

> "Finally, we remark that the imaginative handling of a prisoner's first motion would in general do much to anticipate and avoid the problem of a hearing on a second or successive motion. The judge is not required to limit his decision on the first motion to the grounds narrowly alleged, or to deny the motion out of hand because the allegations are vague, conclusional, or inartistically expressed. He is free to adopt any appropriate means for inquiry into the legality of the prisoner's detention in order to ascertain all possible grounds upon which the prisoner might claim to be entitled to relief. Certainly such an inquiry should be made if the judge grants a hearing on the first motion and allows the prisoner to be present. The disposition of all grounds for relief ascertained in this way may then be spread on the files and records of the case. Of course, to the extent the files and records 'conclusively show' that the prisoner is entitled to no relief on any such grounds, no hearing on a second or successive motion, to the extent of such grounds, would be necessary."

See also "Remarks On Recent Post Conviction Decisions" by Judge Jean S. Breitenstein, 10 Cir., 33 Fed.Rules Decisions, 434–445 (and especially the cases therein discussed at pp. 436–438).

This cause is reversed and remanded for further proceedings consistent with the views herein expressed.

All concur.