399 S.W.2d 109 (1966)
STATE of Missouri, Respondent,
v.
Eddie Lee WASHINGTON, Appellant.
No. 51275.
Supreme Court of Missouri, Division No. 2.
February 14, 1966.
Amended Motion February 23, 1966.
*110 Norman H. Anderson, Atty. Gen., Louis C. Defeo, Jr., Asst. Atty. Gen., Jefferson City, for respondent.
Erwin J. Roesel, St. Louis, for appellant, Eddie Lee Washington.
Amended on Court's Own Motion February 23, 1966.
STORCKMAN, Judge.
This is an appeal from an order denying a motion under S.Ct. Rule 27.26, V.A.M.R. to vacate and set aside a conviction of rape and a sentence of imprisonment for thirty-five years. The trial court found from the motion and the files and records of the case that the prisoner was entitled to no relief and denied the motion without a hearing. The defendant is represented by counsel appointed by the trial court to brief and argue the appeal in this court which has been done. The principal contentions on appeal are that the trial court erred in denying the motion without a hearing because the motion stated claims that the defendant was not adequately represented by counsel at his trial, that his confessions were coerced and that such issues could not be determined from the files and records.
The transcript shows that the defendant was indicted and convicted of the offense of forcible rape and his punishment was assessed by the jury. He was granted thirty days additional time to file a motion for new trial. Within the time so allowed, the defendant filed a written waiver of his right to file a motion for new trial and to prosecute an appeal. The waiver was signed by the defendant and his counsel, a member of the staff of the Public Defender *111 of the City of St. Louis who represented him at the trial.
On February 21, 1961, the defendant, accompanied by his counsel, presented himself in court and was sentenced in accordance with the verdict. On December 14, 1964, the defendant filed pro se in the Circuit Court of the City of St. Louis his motion under Rule 27.26 to vacate which he was permitted to file and prosecute as a poor person. The judge that ruled on the motion to vacate was the same judge that presided at the defendant's trial in February 1961.
On December 24, 1964, the trial court denied the defendant's motion to vacate the judgment and sentence because the court was satisfied from its examination of the motion and files and records of the case that the prisoner was not entitled to any relief. In connection with denying the motion, the court filed a memorandum opinion which reviewed the previous prosecution and gave reasons for the court's rulings. Our Civil Rule 73.01 provides that the court in a non-jury case shall upon request prepare and file a brief opinion containing a statement of the grounds of its decision and if requested the court may include its findings upon any of the principal controverted fact issues. A motion to vacate and set aside under Rule 27.26 is a civil rather than a criminal proceeding. State v. Herron, Mo., 376 S.W.2d 192, 196 [5].
Although not requested by a party to the action, the memorandum opinion is properly in the record and is quite helpful to the reviewing court. To the extent that it is a statement of the grounds of the decision and constitutes findings on fact issues arrived at from an examination of the files and records in the case, the opinion will be considered by this court. State v. Keeble, Mo., 399 S.W.2d 118 (decided February 14, 1966).
The motion to vacate contains much superfluous and irrelevant material which hinders the search for possible grounds for relief. As the opinion of the trial court states, the person who prepared the motion to vacate for the defendant "was obviously not accurately informed about the case". For instance, the defendant asserted in his motion that he did not have a panel of 47 jurors and that he was unable to present an alibi defense. Such allegations were demonstrated to be false by the court files and records of the circuit court and quite properly were not briefed for review in this court. The allegations of the motion and the findings of the trial court's opinion will be mentioned further in connection with the questions presented.
As in other pleadings, the factual allegations of a motion to vacate under Rule 27.26 must be accepted as true in determining if the motion states a claim for relief. State v. Moreland, Mo., 351 S.W.2d 33, 35 [3]. If the allegations of a motion under Rule 27.26 are sufficient to state a claim and do not demonstrate further that the motion is patently or conclusively without merit, the movant is ordinarily entitled to a hearing on the issues raised. State v. Pickel and Proffit, Mo., 376 S.W. 2d 181; State v. Herron, Mo., 376 S.W.2d 192, 195 [3]. No hearing is required, however, if the motion and the files and records of the case show to the satisfaction of the court that the movant is not entitled to any relief. S.Ct. Rule 27.26, V.A.M.R.; State v. King, Mo., 380 S.W.2d 370, 373 [4-6], cert. den. 379 U.S. 979, 85 S.Ct. 681, 13 L.Ed.2d 569.
The defendant filed a motion for appointment of counsel to prepare and develop in the circuit court the allegations of his motion to vacate. He charges error in the court's failure to do so citing Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733, and Douglas v. State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811. These cases went on certiorari to the Supreme *112 Court of the United States; they involved the right of the accused to counsel at the trial of the criminal charge. They are not controlling in the circumstances of this postconviction procedure. A motion to vacate and set aside a criminal conviction is in the nature of a civil procedure rather than a criminal prosecution and the defendant is not entitled to counsel as a matter of right solely by reason of indigency. State v. Herron, Mo., 376 S.W.2d 192, 196 [5]. The trial court did not abuse its discretion in failing to appoint counsel "to prepare and develop the allegations" of his motion to vacate.
The defendant further contends that the trial court erred in denying his motion to vacate without a hearing "since charges of inadequate representation by counsel was made" which were not so patently without foundation as to conclusively demonstrate their want of merit. We cannot presume or speculate that Missouri attorneys are incapable or incompetent to handle the defense of a criminal case. The qualification and admission of attorneys to the Bar of Missouri is carefully supervised and controlled by this court. S.Ct. Rule 8. Registration of law students is required. Rule 8.04. An applicant to take the Bar examinations must be a graduate of a law school approved by the Council on Legal Education and Admissions to the Bar of the American Bar Association. Rule 8.03(b). An applicant to register as a law student as well as an applicant to take the Bar examination must stand a searching and meaningful investigation as to character, fitness and general qualifications. Rule 8.07. After the completion of their legal education and training, applicants must pass an examination as to their knowledge of legal subjects prescribed by the Board of Law Examiners and approved by this court. Rules 8.01 and 8.08. Members of the Missouri Bar are also subject to rigid disciplinary procedures. Rule 5. All of this cannot be brushed lightly aside. A convict seeking to set aside his sentence has the burden of alleging and proving that his lawyer, so qualified, rendered legal assistance so "ineffective" that the accused was not afforded a fair trial in violation of constitutional guaranties. State v. Freedman, Mo., 282 S.W.2d 576, 581 [2]. The mere fact of conviction and the bare assertion of "ineffective assistance" of counsel is not sufficient to carry the burden or to state a claim for relief.
Careful examination of the motion discloses two references to inadequate representation in the defense of the rape charge. One allegation is that when he first saw his court-appointed attorney: "He [the attorney] did not do very much: asked where I lived, and told me the date I was going to court." The other reference is as follows: "The fact that appointed counsel did not even thoroughly investigate the law, facts, and circumstances of the case, but rather sought to induce petitioner to voluntarily plead guilty, did not question nor inquire of petitioner of the manner of the alleged identification which if he had, he could have legally shown it was not admissible because of the manner it was obtained (during petitioner's illegal and unlawful police detention and custody without a warrant), plainly magnifies his ineffectiveness and lack of `Good Faith' assistance of counsel." These allegations are mere conclusions which are insufficient to present an issue as to effective assistance of counsel. State v. Cerny, 365 Mo. 732, 286 S.W.2d 804, 807 [5]; State v. King, Mo., 380 S.W.2d 370, 376 [13].
The trial court might have properly ruled the issue on that ground alone, but the memorandum opinion further states: "The case was well defended. The Court recalls that it had the personal attention of the head of the Public Defender Bureau of the City of St. Louis. He designated a younger member of his staff to try the case, as a matter of his considered strategy and judgment, hoping thereby to minimize the penalty that might be imposed by a jury if defendant be found guilty. Defendant and *113 his counsel were well satisfied with the verdict at the time it was rendered." In Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473, the court stated: "What has been said is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense. Indeed, the statute itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner." See also State v. Lillibridge, Mo., 399 S.W.2d 25 (decided February 14, 1966). The trial court did not err in refusing a hearing on the allegation of ineffective assistance of counsel.
In the argument portion of his motion to vacate, the defendant alleges he pleaded guilty to a robbery charge after he was convicted of rape because his attorney struck him in the face during a discussion of the disposition of the robbery charge. Other portions of the motion indicate, however, that this unlikely occurrence was not the inducing cause of his plea. Moreover, the trial court's opinion states there were two robbery charges instead of one and the sentences on them were made to run concurrently with the sentence on the rape conviction. It does not clearly appear that the defendant is attacking the judgments and sentences in the robbery cases. The allegations are wholly insufficient if that was intended. Furthermore, a motion to vacate under Rule 27.26 must be confined to an attack on a single judgment and sentence. State v. Engberg, Mo., 391 S.W. 2d 868, 869 [1].
The defendant's brief on appeal further asserts that the trial court erred in denying his motion to vacate "since the alleged confession obtained from him was improperly admitted in evidence at the trial in violation of his Constitutional rights under Amendments 5 and 14 of the U. S. Constitution." The motion alleges that while the defendant was in custody and after he had been identified by the victim of the rape "the police brutality began" and did not stop until he admitted the commission of the rape and the robbery and that "it was very rough from the very first fist blow the police struck me"; that he signed statements admitting the crimes because there was no other way to stop the brutality to which he was being subjected. The motion further asserts that: "The introduction of the statements or confession was inadmissible on trial. This was so even though a preliminary hearing had been held to determine their voluntariness." It goes on to say that the statements or confession were obtained while he was in illegal custody because his arrest was based on hearsay evidence and no warrant was issued for his arrest.
As admitted in the motion, there was a preliminary hearing to determine the voluntariness of the confession. This was before the court out of the presence and hearing of the jury. After the court determined that the confession was not coerced, it was admitted in evidence and the jurors were told in substance, as a part of the instructions in the case, that, if they found and believed from the evidence that the defendant made any voluntary statement or statements in relation to the offense charged, they should consider such statement or statements altogether and in the light of the circumstances under which they were made, if they found they were actually made, and if they found the statement or statements were not voluntarily made, but were procured by coercion or threats or through fear, or were induced by promises of leniency, then they should disregard them altogether.
The defendant cites Haynes v. State of Washington, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513, and Spano v. State of New York, 360 U.S. 315, 79 S.Ct. 1202, *114 3 L.Ed.2d 1265. The Missouri practice does not run afoul of the rules laid down in those cases for the determination of the voluntariness of a confession. In Jackson v. Denno, 378 U.S. 368, footnote 7 at page 377, 84 S.Ct. 1774, at page 1781, 12 L.Ed. 2d 908, states that: "Under the New York rule the judge is not required to exclude the jury while he hears evidence as to voluntariness and perhaps is not allowed to do so." The New York practice was condemned in Jackson v. Denno. It seems the practice of the State of Washington was quite similar to the New York rule. The Missouri practice is indistinguishable in legal effect from the Massachusetts rule as described and impliedly approved in Jackson v. Denno. See also Commonwealth v. Marshall, 338 Mass. 460, 461-462, 155 N.E. 2d 798, 800. The Missouri practice contemplates a preliminary or voir dire examination to determine the competency of a confession before it is presented to the jury. This is a full hearing on the voluntariness of a confession out of the presence of the jury and a finding by the court that the confession was voluntary before it is admitted in evidence. State v. Howard, Mo., 383 S.W.2d 701, 702 [1]. Thereafter, the witnesses to the circumstances under which the confession was made testify before the jury. The jury then determines the probative value of the confession under the instructions of the court which direct the jury to disregard it entirely if the jury finds the confession was not voluntarily made. State v. Deyo, Mo., 387 S.W. 2d 561, 564, 565 [5, 6]; State v. Howard, Mo., 383 S.W.2d 701, 702 [1]. If the defendant had any complaint that the practice was not followed, he had a right to designate it as a ground for relief in his motion for new trial and to appeal as a matter of right in the event of an adverse ruling.
On February 21, 1961, well within the time for filing a motion for new trial, the defendant filed a written waiver signed by him and his attorney stating that he "waives his right to file a motion for a new trial and to prosecute appeal, and presents himself for sentence in keeping with the verdict of the jury rendered on the 25th day of January, 1961." The defendant asserts in his brief that the waiver was not voluntary but was induced by threats and promises; however, his motion to vacate does not support this contention. In fact, the motion does not mention the waiver at all. Regarding the disposition of the robbery charges, the motion asserts that after a conference with his attorney and the prosecutor, the defendant went back to his cell with the suggestion that he "Think it over." The motion then further states: "Mrs. Hubbell [a social worker] come to see petitioner that same week. She said that the attorney had told her what he had told petitioner (about pleading guilty, coming to prison, and probably being paroled after 4 years). Petitioner asked her what should he do; she said she did not know, but that he should do what he thought best. After she left, he asked some of the older prisoners what should he do, they suggested he go to his cell and think about it. But they also warned: if he did not plead guilty, he could be made to serve the 35 years sentence and then serve whatever sentence the court imposed for the robbery. Acting upon this jail house advise, he finally pleaded guilty." Thereafter the waiver was filed, allocution was granted and the sentences were imposed.
The trial court found there was a "conscious and intentional waiver" and we agree. By his tacit admission there was no coercion operating on the defendant at the time he waived his right to proceed further with his defense against the criminal charge. In Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 849, 9 L.Ed.2d 837, the court stated: "We therefore hold that the federal habeas judge may in his discretion deny relief to an applicant who has deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies." See also State v. Statler, Mo., 383 S.W.2d 534, 538 [8]. The judge who presided at the trial and ruled on the defendant's motion found in effect that there *115 was an intentional relinquishment or abandonment of a known right or privilege and that the defendant deliberately by-passed the orderly procedure of his state which would have afforded a complete review of all the matters of which he now complains when they were still fresh in the minds of the parties.
We have considered all of the questions presented by the defendant on appeal and find them to be without merit. Accordingly, the judgment is affirmed.
All of the Judges concur.