Jerry JONES, Appellant,

v.

STATE of Missouri, Respondent.

STATE of Missouri, Respondent,

v.

Jerry JONES, Appellant.

Nos. 54036, 54037.

Supreme Court of Missouri,
Division No. 2.

Oct. 13, 1969.

J. Arnot Hill, Lem T. Jones, Jr., Kansas City, Russell S. Jones, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, Asst. Atty. Gen., Jefferson City, for respondent.

MORGAN, Judge.

Defendant appeals from the judgment imposing a life sentence for first degree robbery, and also from the judgment entered, after an evidentiary hearing, in the post-conviction proceeding under Supreme Court Rule 27.26, V.A.M.R. The two appeals, upon request of the parties, have been consolidated.

A single chronological recitation of the history of this case will provide a basis for consideration of both appeals.

Defendant was charged, as a second offender, with being one of four men who committed armed robbery on December 11, 1950, at the P & G Market, 2417 Troost Avenue, Kansas City, Missouri. Sections 560.120, 560.135 and 556.280, RSMo 1959, V.A.M.S. The habitual criminal charge was based on a prior conviction for armed robbery in California. After trial to a jury, defendant's punishment, on June 26, 1951, was assessed at confinement for life. The state's case was based on the testimony of three eyewitnesses and defendant's written confession. No appeal was taken. De-

fendant received an institutional parole in 1959, which was soon revoked. On October 7, 1964, defendant filed his pro se motion to vacate the sentence and judgment under the provisions of Rule 27.26. This motion was overruled by the trial court without an evidentiary hearing. An appeal was taken from this order, and this court, on June 19, 1967, set aside the submission and remanded the cause for further action consistent with the procedure outlined in State v. Stidham, Mo., 415 S.W. 2d 297. With the aid of counsel, an amended motion under Rule 27.26 was filed. It attacked the original judgment on the following grounds: (1) The trial court, after the preliminary hearing outside the presence of the jury, failed to make of record a sufficient finding as to whether or not defendant's confession was voluntary; (2) An appeal was denied because the decision not to do so was "made solely by defense counsel and not by movant [defendant]"; (3) Effective assistance of counsel was denied for the sole reason no appeal was perfected; (4) The issue as to the voluntariness of defendant's written confession was submitted to the jury in an erroneous instruction. The trial court entered findings of fact and conclusions of law, reference the first three grounds, in its judgment entered under Rule 27.26. It then vacated and set aside the original sentence and judgment, and resentenced defendant to confinement for his natural life. From the latter sentence, the direct appeal has been taken. It presents the one issue designated in point (4) pertaining to the instruction on voluntariness of the confession.

We consider first the appeal from the judgment entered in the post-conviction proceeding under Rule 27.26, and we would be remiss if we failed to mention that the findings of fact and conclusions of law entered by the trial court make it obvious they were made with full knowledge, understanding and appreciation of present day concepts of the rights of the accused. A transcript of the testimony given at the original trial, both at the preliminary hearing before the court and later before the jury, and the testimony at the 27.26 hearing were considered. The court found that after defendant had interposed an objection to the state's offer of the written confession, a hearing was held outside the presence and hearing of the jury. It then concluded: "I hold that the *hearing itself* met the requirements of Jackson v. Denno, 378 U.S. 368, 12 L.Ed.2d 908, 84 S.Ct. 1774 (1964). It was the usual Missouri procedure held by our Supreme Court (State v. Washington, Mo., 399 S. W.2d 109, 114 [12]) to be the same as the Massachusetts procedure described and impliedly approved in *Jackson* * * * A more formidable question is presented as to the form of the ruling: '* * * I am going to overrule the objection, and let the jury pass on the question of whether it was a voluntary confession or not.'" The trial court concluded that the entry as made, overruling the objection, did not indicate the original trial judge had abrogated his duty to rule first on the issue of voluntariness. However, consideration was given to Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967) wherein it was held: "Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity." Based on *Sims*, the court found the original entry inadequate, and upon request of both defendant and the state conducted a new hearing on the question of voluntariness in the manner suggested in Jackson v. Denno, 378 U.S. at 395, 84 S.Ct. 1774.

After that hearing, it was determined that the arresting officers had fully advised defendant of his constitutional rights; that the confession had been given voluntarily; that defendant's testimony to the contrary was inconsistent and incredible; and that such conclusions were found "to be true beyond a reasonable doubt." More specifically, it found defendant's testimony to be: that he denied

being an addict; that he signed on the promise he would get narcotics; that he was given narcotics and didn't recall the statement (although all other events of the afternoon were recalled); that he guessed he had signed; that he recognized his signature.

Such findings and conclusions by the trial court are presumed to be correct and are to be affirmed unless found to be clearly erroneous, State v. Mountjoy, Mo., 420 S.W.2d 316, and we are convinced that a mistake has been committed. Crosswhite v. State, Mo., 426 S.W.2d 67. Rule 27.26. (j). Although we are not to provide a de novo review, of necessity, to determine if the findings of the trial court are clearly erroneous or that the court has abused its discretion on the issue of credibility, we have reviewed the entire record covering all stages of this case. It shows two experienced trial judges have now ruled the confession to have been voluntary.

From the record, we find that three days after the alleged offense two officers sought to arrest defendant at the Tenth Street Hotel. He jumped from a second story window and fled as the officers shot at him. After a chase, he was arrested and taken to the robbery bureau for questioning. This department was on the second floor of the municipal building that had a jail on the eighth floor. The two officers who signed as witnesses to the statement testified they were present during the entire time the confession was made. They said defendant was coherent, not exceptionally nervous, and willing to voluntarily give a statement; that this was done after defendant had been fully advised of his constitutional rights; that no drugs were administered, offered or promised to defendant; that there was no reference to drugs; and, that they knew nothing of a doctor being called or of his giving morphine to defendant; that the statement was prepared and signed between 4:30 p. m. and "a little after five." A doctor testified that he was an interne at

General Hospital and had been called on December 14, 1950 (the date of the confession), to the city jail; that (defendant) "told me he was an addict and * * * that he needed some." He described defendant as "nervous and shaky * * *" but as being coherent. He could not recall the time of the "shot" but testified " * * * it was before I went off at 6 o'clock—it was right before I went off." Later he said it could have been anytime between five and six o'clock. This testimony was presented to the court at the preliminary hearing and later to the jury.

At the trial defendant said, "I suffer from ulcers of the stomach, and I was sick at the time * * * I admit that I did use narcotics at times. * * * I was not an addict. I am not an addict, but I did use it for medical purposes." He said he ran for fear he could not get medical attention in jail; that " * * * two men came in, and they gave me this morphine"; that the officer said, "he had some good stuff * * * 'I will get it a little later on' "; that the officer then gave him a capsule of heroin; that they promised to get him in a narcotics hospital in Lexington, Kentucky.

At the 27.26 hearing, defendant said he had been given Dolophine, morphine and heroin; that he was not an addict; that he did not recall any reference to the hospital in Kentucky; that he recognized his signature on the statement, but didn't recall when it was signed.

Needless to say, if defendant's testimony were taken as true, this court would immediately hold that the statement was involuntary and erroneously presented to the jury. However, "The trial court, as the trier of the facts, may believe or disbelieve all or any part of a witness' testimony; it is in a far better position than this court to judge the credibility of a witness and, on review, we will give due regard to the trial judge's opportunity to hear the witness and observe his manner and demeanor on the stand, and will defer to his determination of credibility unless it clearly and

convincingly appears that he has abused his discretion." Walster v. State, Mo., 438 S.W.2d 1, 2–3. There is evidence consistent with the trial court's conclusions. It could be found from the evidence that the statement, without any mention of drugs, was taken and signed; that defendant was returned to the eighth floor; that the chase and excitement of the day did disturb his ulcers; that the keeper of the jail had called the doctor as he did testify he went to the "jail" where defendant himself said he needed a shot.

From the record, we are not convinced that a mistake has been made and we can not rule with any degree of certainty that the findings and conclusions of the trial court on point (1) are clearly erroneous.

■ Reference point (2), the trial court has now determined that defendant did desire to appeal the original sentence, and that the decision not to do so was solely that of his counsel. There is evidence to the contrary, but we, again, find the conclusion of the trial court not to be erroneous. Setting aside the original judgment and resentencing defendant was authorized by Rule 27.26(i). This procedure follows the holding in Rodriquez v. United States, 89 S.Ct. 1715, 1718. Compare State v. Deckard, Mo., 426 S.W.2d 88. The direct appeal from the new sentence has now been perfected.

■ Point (3) charged ineffective assistance of counsel for failure to appeal. Relief as given under point (2) makes this contention rather moot. However, in due fairness to original counsel, we note that he was a graduate of the law school of Harvard University; that he did consult with defendant relative to the possible outcome of an appeal; and that defendant's present experienced counsel stated the record reflected defendant had been vigorously, forcibly and ably defended except for the failure to appeal.

■ The direct appeal presents one additional issue designated originally as point (4). It is urged that the original trial court, after finding the confession to have been voluntary, failed to properly instruct the jury as to how they were to resolve the same issue.

It is argued the instruction should have submitted specifically the question (1) whether defendant was under the influence of narcotics when he signed the statement, or (2) whether he was induced to sign because of the promise of narcotics. Both complaints are directed toward the absence of a definition of the word "voluntary" in the instruction. Briefly, the instruction given instructed the jury that if it found from the evidence that defendant made any voluntary statements, it was to consider them, but to the contrary, that if it believed the statements were not made voluntarily, they were to be disregarded.

Initially, we note that, "The instruction is a cautionary instruction on a collateral issue, does not direct a verdict, and is not on an issue the court is required to instruct upon as part of the law of the case under Sup.Ct. Rule 26.02, 42 V.A.M.S. § 546.070 (4) (citing cases)." State v. Stidham, supra, 305 S.W.2d 7, at page 17. Although generally done, it has not been mandatory that a definition of the word "voluntary" be given. "The word 'voluntary' is so simple and in such general use no definition of its meaning is necessary * * *." State v. Thomas, 250 Mo. 189, 157 S.W. 330, 338. State v. Hershon, 329 Mo. 469, 45 S.W.2d 60, 66; State v. Gibilterra, 342 Mo. 577, 116 S.W.2d 88, 95.

Defendant relies on State v. Goacher, Mo., 376 S.W.2d 97, 104; State v. Williams, Mo., 369 S.W.2d 408, 420; State v. Deyo, Mo., 358 S.W.2d 816, 826, and State v. Barnett, Mo., 338 S.W.2d 853. Each is readily distinguishable. The Barnett case did not involve the propriety of an instruction. The Goacher, Williams and Deyo cases pertained to the adequacy of the definition set out in the instruction submitting the issue of voluntariness, and did not consider the absence of such a defini-

tion. For instance, in State v. Goacher, 376 S.W.2d at pages 104–105, "The instruction as given singled out and emphasized 'hope of reward or leniency' and 'fear of punishment.' Nowhere did it mention coercion, duress, intimidation, mental pressure or any equivalent term. If certain elements, such as 'reward' or 'fear of punishment' were to be singled out, the instruction should certainly have mentioned specifically the element of *coercion* or duress which was the real issue." A definition, when given, must be correct. In the instant case, absence of a definition of a commonly used word, has not been shown to have been prejudicial.

The judgment entered under Rule *27.26* is affirmed. The judgment, from which the direct appeal was taken, is affirmed.

All of the Judges concur.