Jerry L. JONES, Petitioner,

v.

Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.

Civ. A. No. 17901–3.

United States District Court,
W. D. Missouri, W. D.

April 28, 1970.

Jerry L. Jones, pro se.

Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## ·AMENDED ORDER DENYING PE-TITION FOR HABEAS CORPUS

BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri State Penitentiary, petitions this Court for a writ of federal habeas corpus adjudicating as invalid his state conviction of first degree robbery and his sentence under the Missouri Habitual Criminal Act. Leave to proceed in forma pauperis has been previously granted.

Petitioner states that he was convicted by a jury in the Circuit Court of Jackson County of first degree robbery; that under the Habitual Criminal Act he was sentenced on that conviction on June 26, 1951, to a term of natural life imprisonment; that he did not appeal from the judgment of conviction or imposition of sentence; that he has filed a postconviction motion to vacate the sentence under Missouri Criminal Rule 27.26, V.A.M.R., in the state trial court, which was overruled on February 24, 1966; that on appeal from the order overruling the motion, the Missouri Supreme Court remanded the motion to the Circuit Court of Jackson County; that a hearing was then held in the Circuit Court of Jackson County on his 27.26 motion and thereafter the state trial court set aside petitioner's sentence and again sentenced him on June 26, 1968, to a term of natural life imprisonment; that petitioner then appealed the order denying the 27.26 motion and the second sentencing to the Missouri Supreme Court, which affirmed the judgment of the state trial court (Jones v. State, Mo., 445 S.W.2d 311); that he has petitioned for habeas corpus and that this petition was denied on May 4, 1964 (See Jones v. Nash, Civil Action No. 14500); that he also submitted a petition for habeas corpus to the Eighth Circuit Court of Appeals, the date of disposition of which is "unknown" but which denied relief to petitioner; that he petitioned for certiorari in the United States Supreme Court and that "certiorari [was] referred to United States District Court"; and that

he was not represented by counsel at his arraignment and plea, but was so represented at his trial, his sentencing, on his 27.26 motion and on appeal from the order denying the motion and his resentencing.

Petitioner states the following as grounds for his contention that his state conviction was secured in violation of his federally protected rights:

"(a) Denial of Right to Counsel on Appeal;

"(b) Improper Instructions to jury Governing Voluntariness of Purported Confession;

"(c) Involuntary Confession." (sic)

In response to the show cause order issued herein on December 31, 1969, respondent filed his response on January 20, 1970, and appended to his response the transcript of the evidentiary hearing in the state trial court and the briefs of petitioner and respondent on appeal in the Missouri Supreme Court. Petitioner's traverse to the response, reiterating the allegations of the petition, was filed herein on January 28, 1970.

The official report of the affirmance by the Missouri Supreme Court of the state trial court's denial of petitioner's 27.26 motion and his resentencing to natural life imprisonment, Jones v. State, Mo., 445 S.W.2d 311, and the findings of fact, conclusions of law and judgment of the state trial court after the 27.26 hearing show that all three contentions raised in the petition in this case were raised in petitioner's 27.26 motion and were briefed and considered on appeal. The transcripts, records and official reports show that petitioner originally filed his motion to vacate, set aside or correct his sentence in the state trial court on October 7, 1964; that the motion was overruled by the trial court without a hearing; that an appeal was taken by petitioner from this order and the Missouri Supreme Court, on June 19, 1967, set aside the order overruling the motion and remanded the cause for an evidentiary hearing and other action consistent with the Missouri Supreme

Court's holding in State v. Stidham, Mo., 415 S.W.2d 297; that thereafter, with the aid of his counsel, petitioner filed an amended Rule 27.26 postconviction motion in which he contended (1) that at the original trial the trial court failed to make a sufficient finding of voluntariness of his confession after a preliminary hearing on the issue outside the presence and hearing of the jury; (2) that an appeal from the original judgment and sentence was not taken because the decision not to pursue an appeal from the conviction was solely the idea of petitioner's counsel; (3) that effective assistance of counsel was denied because no appeal was perfected; and (4) that the issue of voluntariness of the confession was submitted to the jury on an erroneous instruction.

A plenary evidentiary hearing was held on the postconviction motion in the state trial court which found petitioner's contentions of insufficient finding of voluntariness by the original trial court meritorious and also found his contention of ineffective assistance of counsel to be meritorious. Accordingly, the state trial court conducted a new hearing on the issue of voluntariness and made a new finding on that issue that the confession was voluntary and resentenced the petitioner so that he might have a new appeal from the judgment of conviction and sentence with the aid of counsel. It thus appears that petitioner's hearing under Missouri Criminal Rule 27.26 took place after the effective date of the newer version of that rule (articulating federal standards in detail, effective September 1, 1967), and that petitioner was granted rights, privileges and the benefit of procedures available under that rule and under the decision of the Missouri Supreme Court in State v. Stidham, *supra*. Further, the decision of the Missouri Supreme Court in affirming the trial court's determination of the motion was rendered after the enunciation of current federal standards in the trilogy of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; Fay v. Noia, 372 U.S. 391,

83 S.Ct. 822, 9 L.Ed.2d 837; and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148. It was also rendered after that court's acknowledgment of the applicability of those current federal standards in State v. Herron, Mo., 376 S.W.2d 192 and State v. Pickel, Mo., 376 S.W.2d 181. Petitioner's currently-available state remedies were thereby exhausted with respect to the contentions presented by his postconviction motion.

■ With respect to petitioner's first contention in the petition in this case, denial of right to counsel on appeal, it appears that the contention has been rendered moot by virtue of petitioner's being accorded, with the assistance of counsel, another right to appeal his sentence after the resentencing by the state trial court after its finding that petitioner's claim on this issue was meritorious. It does appear from the files and records, the transcripts, the briefs on appeal and the official report, that petitioner did not raise any more issues on direct appeal from the sentence than he had in the original 27.26 motion and the amended motion, although if grounds existed, more issues might have been raised on the direct appeal under Missouri jurisprudence. Because of the limited factual claims made by petitioner in his petition and traverse in this case (despite his being invited by an order of this Court to traverse respondent's averments supporting the contention that petitioner's claim of lack of counsel on appeal was moot) it appears that neither petitioner nor his counsel desired that any more issues be raised on the new direct appeal than had been raised in the 27.26 motions and at the hearing in the state trial court.[1] Petitioner, therefore, has clearly had, in the state courts, all the relief to which he is entitled on this issue. His contention in this Court that this should invalidate his conviction is therefore without merit.

■ Petitioner's second contention in his petition in this Court is that his confession, which was admitted in evidence against him in his original trial, was involuntary. On this contention, in the postconviction hearing, the state trial court concluded that the finding of voluntariness by the judge in the original trial was insufficient in the light of Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593, and conducted a new evidentiary hearing on that issue. In that hearing, petitioner offered in evidence the transcript of his original trial held on June 18, 1951, a letter from his counsel to him following the trial, and Instruction No. 10, submitting the issue of voluntariness of his confession to the jury. Further, petitioner himself testified and called his trial attorney, Anthony P. Nugent, Esquire, to testify in his behalf. The state's testimony consisted of that of Thomas Madigan, one of the police officers who witnessed the purported confession made on December 14, 1950. On the basis of this evidentiary hearing, the state trial judge concluded that the hearing held on the issue of voluntariness out of the hearing and presence of the jury in the original trial met the requirements of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, even though the finding of voluntariness made by the original trial judge had been insufficient under Jackson v. Denno, *supra*, and Sims v. Georgia, *supra*. The transcript of that hearing shows that the two officers who witnessed the confession given by petitioner testified that petitioner was coherent, not extremely nervous, and that he was willing voluntarily to make a statement; that the statement was made after petitioner had been fully advised of his constitutional rights; that petitioner was given no drugs, nor offered or promised any; that no reference was made to drugs; that they knew nothing of a doctor being called or of morphine being given to petitioner by him; and

---

I. The Supreme Court of Missouri's opinion does attribute the contentions of the erroneousness of the instruction on voluntariness to the appeal aspect of the 27.26 motion, although this is not made clear by the motion itself.

that the statement was prepared and signed between 4:30 p. m. and a "little after five" on December 14, 1950. An interne was called who said that he was called to give petitioner an injection of morphine on that date; that petitioner was then "nervous and shaky * * * but * * * coherent"; and that the injection was administered (after the confession) sometime between five and six o'clock on that day. The petitioner testified in this first hearing that he was sick at the time from ulcers of the stomach; that he used narcotics on occasion but was not an addict; that two men gave him morphine; and that the interrogating officer promised him drugs if he would sign a confession and also promised to get him in a narcotic addict hospital in Lexington, Kentucky. The testimony at the new hearing granted on the remanded 27.26 motion was very much the same, with petitioner stating that he had been given Dolophine and heroin, as well as morphine; and that he recognized his signature on the statement, but could not recall when it was signed. On the basis of the original hearing in the trial, the original trial court found as follows: "Right now, I am going to overrule the objection [to the admissibility of the confession], and let the jury pass on the question of whether it was a voluntary confession or not." The trial court, on the 27.26 motion, found this finding not to meet the requirement of Sims v. Georgia, *supra,* and made the following findings, among others, in its findings of fact, conclusions of law and judgment based on the original hearing as supplemented by the 27.26 hearing:

> "I find that the confession was made voluntarily, not as a result of threats or promises, by movant in a rational state, and not under the influence of narcotics, and after being advised of his constitutional rights that he did not have to make a statement, that he was entitled to consult with friends and attorney, and that any statement could be used against him in court."

These findings satisfy the federal standards before Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, which are not retroactive. In addition, the trial court further found that the confession was voluntary; that the hearing in the original trial on that issue satisfied federal standards; that the confession was therefore properly admissible in evidence; and that petitioner had been denied his right to appeal and of effective assistance of counsel in this respect; that therefore he should be resentenced in order to permit him a new right of appeal. The findings of the state trial court were found not to be clearly erroneous by the Missouri Supreme Court on the appeal. The hearing held in the original trial, alone, and supplemented by the postconviction Rule 27.26 hearing and findings on voluntariness, satisfied the requirement of Jackson v. Denno, *supra,* that there be a (1) reliable nonjury preliminary or postconviction determination of the issue of voluntariness, (2) "a determination uninfluenced by the truth or falsity of the confession" (3) by procedures "fully adequate to insure a reliable and clear-cut determination, including the resolution of disputed facts upon which the voluntariness issue may depend." 378 U.S. 368, 84 S.Ct. at 1788, 12 L.Ed.2d at 924. A full and adequate evidentiary postconviction hearing was held in this case in which all federally protected rights were accorded to petitioner, including the right to offer witnesses and other evidence in his own behalf and the right to confront and cross-examine adverse witnesses. On the testimony given at this hearing, the state trial court reliably concluded that the state met its burden of producing evidence to establish, under applicable federal standards, the voluntariness and admissibility of the confession. Further, the trial court and the Missouri Supreme Court both displayed a sensitivity to current federal standards in making their respective determinations, as they found that the confession was

voluntarily and intelligently given, without any circumstance of force, fraud, mistake, misapprehension, fear, inadvertence or ignorance of rights or consequences of the plea, and after petitioner had been advised of all his rights, those of silence and to consult with friends and attorney, and after warnings that any statement could be used against him in court. It was further found that the confession was not made as a result of promises made by the interrogating officers. Petitioner, in his traverse in this case, cites both Escobedo v. Illinois, *supra,* and Miranda v. Arizona, *supra,* presumably as applicable federal standards which the state courts failed to apply. But neither *Escobedo* nor *Miranda* applies to this case. See Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. The *Johnson* case holds that *Miranda* applies only to cases tried after June 13, 1966, and *Escobedo* to those tried after June 22, 1964. Petitioner's trial was held on June 18, 1951. Further, in this case, nearly, if not all, the standards of *Miranda* and *Escobedo* were applied in the postconviction proceedings by the state trial courts. It is concluded that all material facts concerning the confession under federal standards were reliably found by the trial court in a full and fair postconviction evidentiary hearing; and that therefore petitioner's contentions about his involuntary confession are without foundation in fact or law.[2]

Petitioner also relies on Crooker v. California, 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed.2d 1448 (another case which was handed down after his conviction) apparently for the principle that he had the right to have an attorney present at any state of the pretrial proceedings wherein lack of an attorney might have been prejudicial to him. But there are no factual claims in the state courts or in this court making the *Crooker* case applicable to this case. Petitioner also

relies on the 1944 case of Ashcraft v. Tennessee, 322 U.S. 143, 64 S.Ct. 921, 88 L.Ed. 1192, in which case it was expressly held that "Due process is not denied by the failure to advise against self-incrimination nor as to the right of counsel" (322 U.S. 143, 64 S.Ct. at 921, 88 L.Ed. at 1194) and the standard set forth was that of "totality of circumstances" on whether or not the confession was voluntary. It is clear that the trial court and the state supreme court applied more advanced and refined constitutional standards in this case than were applied in *Ashcraft*.

■ Petitioner lastly contends that the instruction given to the jury on the issue of voluntariness of the confession was erroneous because it contained no definition of the word "voluntary."[3] It was the contention of the petitioner in the Missouri Supreme Court (and presumably the same here, in view of petitioner's consistent refusal to make any factual allegations, in spite of the Court order inviting him to traverse the response) that the instruction should have specifically submitted the questions of whether petitioner was under the influence of narcotics when he signed the confession or whether he was induced to sign the confession because of the promise of narcotics. No federally protected right of petitioner was violated in respect of this instruction. The word "voluntary" is clear in its meaning and the jury had before it all the evidence in the case which bore upon that issue. Definitions of the terms in instructions are not usually required where the jurors are familiar with the terms and they are of common usage. Bohn v. United States (C.A.8) 260 F.2d 773. Petitioner's third contention is therefore without merit.

For the foregoing reasons, it is

Ordered that the petition herein for habeas corpus be, and it is hereby, denied.

2. No violation of any federally protected right is made out, either, in terms of Watts v. Indiana, 338 U.S. 49, 69 S.Ct.

1347, 93 L.Ed. 1801, which petitioner does not cite.

3. See note 1, *supra.*