**STATE of Missouri, Respondent,**

v.

**Frank HOWARD, Appellant.**

No. 49356.

Supreme Court of Missouri,

Division No. 1.

Oct. 8, 1962.

Welker & Young, Portageville, for appellant.

Thomas F. Eagleton, Atty. Gen., Theodore C. Beckett, Special Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

Frank Howard, indicted under the Habitual Criminal Statute, was convicted by a jury of forcible rape of a female over the age of sixteen years. Section 559.260, RSMo 1959, V.A.M.S. The trial judge heard evidence and found that Howard previously had been convicted of burglary, second degree, and stealing, and that he had been duly sentenced, imprisoned and discharged. The trial judge fixed the punish-

ment at 50 years' imprisonment in the state penitentiary. Howard's attorney filed a motion for new trial, which the court overruled after a hearing. After allocution and sentence Howard took an appeal, but failed to file a brief. In this situation we review all specifications of error properly preserved in Howard's motion for new trial, Sup.Ct. Rule 27.20, V.A.M.R., and the portions of the record required by Sup.Ct.Rule 28.02, V.A.M.R.

Briefly stated, the state's evidence tended to show these facts: Howard went to the apartment house where the victim and her husband lived, opened a kitchen window and entered their apartment at about 4 o'clock in the morning. The victim, 23 years of age, and her husband were in bed. Howard roused the husband from his sleep, pointed a pistol at him and told him to get up. At gun point he forced the husband to lie on his stomach on the bed while he tied his hands behind his back. Howard motioned to the victim to get out of bed, then pulled the sheet over the husband, covering his head. Howard asked for money. The victim handed him $20 from her purse and he took $2 from the husband's wallet. Howard followed the woman to the bed, grabbing her clothing and instructing her to disrobe. When she refused he threatened to shoot her and her husband. After she removed her clothing Howard, brandishing the pistol, made her lie on the bed beside her husband, where Howard committed a complete act of rape upon her. When she cried he told her to stop or he would shoot her and displayed a paring knife, which he drew across her face during the commission of the rape. She became ill, threw up, and was permitted to go into the bathroom. Thereafter Howard forced her to submit to another act of rape in an unnatural position, the sordid details of which we leave in the transcript. Both husband and wife pleaded with the rapist for the safety of each other. The husband loosed his bonds during the second act of rape and grappled with Howard. In the struggle the men fell against and shattered a window. Howard beat the husband over the head with the pistol, a plastic toy replica, breaking the pistol, the pieces of which were later found on the floor by the police. Although masked when he entered the apartment, Howard's face was seen in the light by both the victim and her husband when during the struggle the cloth fell down around his neck. Howard managed to escape out the kitchen window. The victim rushed into the halls of the apartment house, completely disrobed, crying for assistance. Howard was positively identified, not only by the victim and her husband, but also by a disinterested tenant in the apartment house who happened to be up at the time feeding a baby. Hearing a noise on the fire escape this witness looked out the window, saw Howard, and threatened to shoot him if he did not get off the fire escape. This was shortly before 4 a. m. A holster, linked by evidence to the toy pistol, was found at Howard's home. The state's case was completed by a detailed signed confession, voluntarily given. (Howard denied that he was at the scene of the crime, and claimed that the confession was extorted by force.)

The grounds of Howard's motion for new trial follow:

"1. That the verdict of the jury is against the weight of the evidence.

"2. That the verdict of the jury is against the law.

"3. That the verdict of the jury and the judgment of the Court, are against the law, against the weight of the evidence and the evidence under the law.

"4. That the verdict of the jury is the result of passion and prejudice.

"5. That the Court erred in admitting evidence over the objection of the defendant, which evidence was irrelevant, immaterial, hearsay and inflammatory.

"6. That the Court erred in admitting evidence on behalf of the State, over the objection of the defendant.

"7. That the Court erred in sustaining the objection on the part of the State, which evidence was material and relevant on behalf of the defendant.

"8. That the Court erred in permitting the State to introduce evidence which was inadmissible, erroneously and highly prejudicial, said evidence having not been properly identified by the State.

"9. That the Court erred in permitting the jury, over the objection of the defendant, to individually read a statement made by the defendant, which previously had been read by a witness for the State, to the jury, at great length.

"10. That the Court erred in permitting the State to do this, because it placed undue emphasis on the evidence, which gave to said evidence undue publicity and notoriety.

"11. That the Court erred in not permitting counsel for defendant to argue matters concerning the evidence which was set forth before the jury.

"12. That the Court erred in objection by the State, to argument of defendant's counsel concerning matters which were highly important, necessary, relevant and material to the defendant's defense."

■ Grounds 1, 2, 3 and 4, relating to the verdict, are so general that they present nothing for appellate review. Sup.Ct.Rule 27.20; State v. Feasel, Mo.Sup., 344 S.W.2d 41; State v. McMillian, Mo.Sup., 338 S.W.2d 838; State v. Terry, Mo.Sup., 325 S.W.2d 1, 8.

■ Equally defective are general grounds 5, 6 and 8, relating to the admission of evidence, for they fail to specify any particular evidence, and present no reason for the several assignments of error. Sup.Ct.Rule 27.20; State v. Foster, Mo. Sup., 349 S.W.2d 922; State v. Terry, supra; State v. Reece, Mo.Sup., 324 S.W. 2d 656. Ground 7 relating to the exclusion of "material and relevant" evidence offered by Howard, which offers no reason for the claim of error, is wholly insufficient to inform the trial court of the merits of the assignment, as is required, State v. Harris, Mo.App., 325 S.W.2d 352, and fails for indefiniteness. State v. Ivory, Mo.Sup., 327 S.W.2d 870.

■ Grounds 9 and 10 seek to raise the point that it was error to permit the jurors individually to read Howard's confession in the form of a written statement which previously had been read to the jury by a witness for the state, because this placed undue emphasis, publicity and notoriety on this piece of evidence. The objection at the trial was that the statement had been "read in full to the jury yesterday afternoon" and that there was "no reason why that should be passed among the jury." We find no error in permitting the jurors to inspect the statement on the ground of repetition or undue emphasis. Whether the jurors as individuals should have been permitted to examine the document (for signatures or other reasons), even though previously read to them as a group, was a matter resting within the sound discretion of the trial court, and no abuse of discretion has been shown.

■ Grounds 11 and 12, complaining of the court's rulings with reference to the scope of argument allowed Howard's counsel, are insufficient to preserve anything for appellate review. They fail to specify what particular remarks Howard's counsel was not permitted to argue or in what respect they were important and relevant to his defense. Only a general reference is made to the matter of argument and rulings. This is insufficient. State v. Farris, Mo. Sup., 243 S.W.2d 983.

■ The indictment is in proper form and is sufficient in substance. It properly charges forcible rape. Howard was duly arraigned before the court and plead not guilty. Howard and his counsel were present and participated in all steps of the proceedings. We have carefully considered the record and find no reversible error.

There is ample evidence to sustain the conviction. The verdict is in proper form and substance and is responsive to the issues. The punishment was duly assessed by the trial judge under the Habitual Criminal Act; is within the prescribed limits, and under the facts is not excessive. Allocution was granted. The judgment is proper in form and substance, and sentence was duly imposed. The judgment is affirmed.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.