**STATE of Missouri, Respondent,**

v.

**Frank HOWARD, Appellant.**

**No. 50408.**

Supreme Court of Missouri,

Division No. 1.

Nov. 9, 1964.

Thomas F. Eagleton, Atty. Gen., Eugene G. Bushmann, Asst. Atty. Gen., Jefferson City, for respondent.

Tenney, Dahma & Mathewson, E. H. Tenney, Jr., St. Louis, for appellant.

HYDE, Presiding Judge.

Appeal from order overruling motion under Rule 27.26, V.A.M.R. to vacate judgment and sentence of life imprisonment for forceable rape, previously affirmed by this court on appeal. State v. Howard, Mo., 360 S.W.2d 718. The order, made without hearing evidence, was "motion to vacate and set aside sentence and judgment filed, considered and denied." Counsel thereafter appointed for defendant, for this appeal, has briefed and argued the case here.

One of defendant's principal contentions is that his confession received in evidence at the trial was involuntary and coerced. It appears from the transcript in defendant's appeal from his conviction (a copy being part of the trial court files, Rule 82.12) that this statement was in question and answer form. The questions were asked by the First Assistant Circuit Attorney of the City of St. Louis in the Circuit Attorney's office in the presence of the Circuit Attorney, two detectives and the stenographer who took the statement. In answer to questions asked defendant said he had not been promised anything or threatened in any manner and realized that the statement he gave could be used in court against him. It also appears that, after the jury was selected and before any evidence in the case was heard, the court held a full hearing out of the presence of the jury and heard the testimony of defendant and two detectives, who had questioned him before he made the statement. Defendant testified at this preliminary hearing that an officer had struck him on the head with a large book, after his arrest, during questioning before he made the statement admitted in evidence. The State's evidence was that this was not true and that there was no coercion. After hearing this evidence, the court ruled that the statement was voluntary. After this statement was admitted, defendant testified before the jury, claimed the statement was involuntary and said he was struck on the head with the book the night before he made the statement (about 20 hours before) but admitted he was asked the questions in the statement about its voluntariness. The officer defendant said struck him with a book testified at the trial and denied that he ever struck defendant. Officers also testified concerning verbal admissions made by defendant before he made the written confession. The jury was instructed they could consider voluntary statements but were told "if you find such statement or statements were not voluntarily made, but were procured by coercion or threats or through fear, then you should disregard them altogether."

Thus the transcript on defendant's appeal from his conviction, on file in this court and on file in the circuit court, clearly shows a full and fair hearing on the voluntariness of his confession, out of the presence of the jury, and a finding by the court that it was voluntary before it was permitted to go to the jury. It further shows that the jury later heard testimony of defendant and others about it and were authorized by their instructions to disregard it if they found it was not voluntary. Therefore, we hold that this issue had been judicially determined and it was not questioned in the motion for new trial or on appeal; so on motion to vacate on the the same claim the court properly could find from its own files and records in the case that defendant was entitled to no relief on this claim. See Hodges v. United States, 108 U.S.App.D.C. 375, 282 F.2d 858. On this issue, Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, is cited because defendant did not have

counsel and was not advised of right to counsel before his statement was made. However, we will not expand that ruling beyond the facts of that case where Escobedo had a lawyer employed who was trying to see him and was not permitted by the police to do so. In fact, Escobedo was told by the police "that his lawyer 'didn't want to see' him." Moreover, it was a case of direct review on appeal.

■ Defendant seeks to raise again the claim of error decided on his appeal that the jurors were permitted individually to see and read his written statement but we adhere to our ruling (360 S.W.2d 1. c. 721) that this "was a matter resting within the sound discretion of the trial court." Defendant also claims his sentence was unlawful because the court refused to poll the jury as to whether they had read articles in St. Louis newspapers or heard anything on television concerning the trial, saying this was an abuse of discretion, citing State v. McGee, 336 Mo. 1082, 83 S.W.2d 98, and State v. Laspy, Mo.Sup., 323 S.W.2d 713, in neither of which was any abuse of discretion found. The transcript shows the jury was selected and sworn without objection, see Latham v. Crouse, USCA 10th, 320 F.2d 120. It also shows that during the trial defendant's counsel showed the court a newspaper published after the trial began referring to defendant as a former convict and to his identification by the State's witness, requesting the jury be polled to determine whether this had been read by any of them. The court overruled the request at that time but later on the same day, upon a renewal of the request, the court did inquire "whether any of you since the start of this case has read any newspaper articles or listened to any media of news concerning this case." There was no response to the court's questions, and counsel then asked permission to question the jurors individually which was denied. The court again asked the jurors a similar question on the last day of the trial and the record shows "all the jurors answered in the

negative." Another request for permission to question the jurors individually was denied. This was also a matter resting within the sound discretion of the court and not one properly for consideration on motion under Rule 27.26. "[A] motion under Supreme Court Rule 27.26 may not be used as a substitute for a motion for a new trial, nor function as an appeal, nor be used to permit a defendant to have a second appeal based upon alleged trial errors." State v. King, 380 S.W.2d 370, 376, and cases cited.

■ Defendant also claims a holster and a piece of tape offered in evidence were procured by unlawful search and seizure; but the transcript shows written permission was given by defendant's stepfather to the officers for a search of his house, in which defendant was living. No objection was made to these articles being received in evidence and no claim of unlawful search made, perhaps because of the written permission. In his motion, defendant claimed incompetent representation by counsel, although this is not briefed on this appeal. Defendant's claims are that counsel did not object to the admission of the articles taken from his home, but as above stated there appears to have been good reason for not doing so; that counsel did not object to the admission of his confession on constitutional grounds, which as shown above was not true but on the contrary was most vigorously contested; that counsel did not sufficiently consult with him; and that counsel did not file an adequate motion for new trial. However, the transcript shows that counsel entered his appearance almost a month before trial, filed depositions taken of the two principal prosecuting witnesses, apparently acted alertly and vigorously throughout the trial particularly in efforts to keep out defendant's confession as well as other evidence offered by the State, and some of his objections were sustained, filed and argued a motion for new trial and filed a timely notice of appeal. It must be considered that many of the grounds in the motion for new trial,

which did not preserve anything for appellate review, did authorize relief from the trial court if found meritorious. Courts should not attempt to "second guess" counsel on his decisions on trial methods and strategy nor on his judgment of what might constitute prejudicial error at least if it is not plainly and obviously wrong, which is not shown by the transcript in this case. State v. Childers, Mo.Sup., 328 S.W.2d 43, 45; State v. Worley, Mo.Sup., 371 S.W.2d 221, 224; Frand v. United States, USCA 10th, 301 F.2d 102, 103. This is not a case like State v. Herron, Mo.Sup., 376 S.W.2d 192, where an experienced lawyer appointed to represent defendant did not appear and a lawyer, admitted to the Bar less than two months before, was substituted and was alleged to have tried the case without interviewing witnesses. In this case, the court knew defendant's counsel to be a lawyer of many years' experience and had the depositions of the State's principal witnesses.

Defendant's claim that he was not furnished a sufficient transcript on appeal is based on the claimed inadequacy of the motion for new trial, which we have already considered. The transcript furnished was full and complete. Defendant also claims his sentence was unlawful because he was not represented by counsel on appeal; but that is not a contention that can be considered on a motion filed in the trial court under Rule 27.26. State v. Schaeffer, (1964), Mo., 383 S.W.2d 698. Defendant's brief argues flimsy circumstantial evidence and credibility of witnesses who positively identified defendant as the perpetrator of the crime but these were fact issues for the jury and cannot be considered in this proceeding. We said in State v. King, Mo.Sup., 380 S.W.2d 370, 373: "If the motion presents no material issues of fact, or if the issues presented may be determined by the record and files in the original case, the Court may summarily rule the motion, since the Court may take judicial notice of its own records and the prior proceedings in the case."

Our conclusion is that the court properly could determine the issues presented on this motion from the record and files in the original case which included a copy of the transcript of the entire proceedings.

The order of the court is affirmed.

All concur.