**Frank HOWARD, Petitioner,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri.**

No. 66 C 362(2).

United States District Court
E. D. Missouri, E. D.

Oct. 13, 1967.

Supplemental Memorandum
Dec. 21, 1967.

————◆————

Theodore Beckemeier, St. Louis, Mo., appointed atty. for petitioner.

Norman H. Anderson, Atty. Gen., State of Missouri, Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM

MEREDITH, District Judge.

This case is pending on petition for a writ of habeas corpus and request for an evidentiary hearing pursuant thereto. An attorney has been appointed for petitioner, and a transcript of petitioner's trial has been filed together with petitioner's and respondent's briefs to the Supreme Court of Missouri on appeal of motion made under rule 27.26, V.A.M.R., and various other briefs and memoranda.

Petitioner Frank Howard was indicted by the Grand Jury in the Circuit Court of St. Louis, Missouri, under the Habitual Criminal Statute, for the alleged crime of forcible rape of a female over the age of sixteen years, a violation of section 559.260, V.A.M.S. He was arraigned on August 10, 1961, and entered a plea of not guilty. Counsel was appointed, and on October 16–19, 1961, petitioner was tried before the Honorable Michael J. Scott, Judge, and a duly-empaneled jury. The jury returned a verdict of guilty on October 19, 1961. After being granted an extension, petitioner's counsel filed a motion for a new trial which was considered by the Court and overruled on February 5, 1962. On February 9, 1962, the Court entered formal sentence of fifty years imprisonment and gave leave for petitioner to prosecute the appeal in forma pauperis. The transcript of record was approved by counsel for the parties on April 9 and 13, 1962, but appointed counsel informed Howard by letter that he was not sure he would have time to submit a brief in connection with the appeal. After receiving this letter, petitioner asked that appointed counsel be dismissed and as Missouri courts may consider on appeal only those grounds raised in a motion for a new trial, and the motion for a new trial had been filed, the request was granted. On October 8, 1962, the Supreme Court of Missouri affirmed the conviction. State v. Howard, 360 S.W.2d 718.

On or about June 12, 1963, petitioner filed a motion to vacate and set aside sentence and judgment under Rule 27.26, V.A.M.R. The motion was denied without a hearing, and the denial was affirmed by the Supreme Court of Missouri, which had the benefit of brief by petitioner's new (court-appointed) counsel.

Petitioner then appealed to the United States District Court of the Western District of Missouri under 28 U.S.C. § 2241 et seq., which transferred the case to this Court pursuant to 28 U.S.C. § 2241(d), and jurisdiction is had thereunder.

In his petition to the United States District Court for the Western District of Missouri, petitioner stated ten grounds on which he based his request for an evidentiary hearing and petition for a writ of habeas corpus:

(1) Petitioner was illegally arrested four times for the same offense, which illegal arrests can be verified by police files.

(2) Police files will further show that petitioner was cleared twice by lie-detector tests under police questioning, which tests showed that petitioner had no knowledge of "these alleged crimes".

(3) Petitioner was not afforded the right to counsel during interrogation in violation of the rule in Escobedo v. [State of] Illinois, 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977] (1964).

(4) The police "beat and made the petitioner sign a police constructed confession."

(5) The confession was coerced because it was obtained by improper interrogation.

(6) The coerced confession was admitted into evidence and passed from juror to juror.

(7) There was no evidence except the coerced confession to support the jury's finding of guilty.

(8) The sentencing court refused to poll the jury as to whether they had read any prejudicial newspaper articles.

(9) Petitioner was not represented by counsel on appeal.

(10) Petitioner was not given a transcript which the court would consider on appeal.

■ Before transferring the case to this Court, the judge of that Court, in an order directing respondent to show cause why petition for a writ of habeas corpus should not be granted, filed December 23, 1965, stated:

"Grounds (1) and (2) have not, so far as can be determined from the petition and attachments thereto, been presented to the courts of Missouri. So they should not be considered on the merits in this proceeding. Hooper v. Nash, (C.A.8, 1963) 323 F.2d 995, cert. denied 376 U.S. 945, 84 S.Ct. 802, 11 L.Ed.2d 768.

"Ground (9), relating to alleged denial of representation by counsel on appeal, was presented to the state court by means of a motion under Missouri Criminal Rule 27.26. '[B]ut that is not a contention that can be considered on a motion filed in the trial court under Rule 27.26. State v. Schaffer, (1964), Mo., 383 S.W.2d 698.'"

Petitioner's appointed counsel in this Court stated, in a letter regarding this case, dated July 17, 1967, and addressed to the Assistant Attorney General of Missouri, copy to the Court:

"I agree that grounds (1) and (2) raised by petitioner should not be considered by petitioner on the merits in this proceeding. Also, that ground (9) raised by petitioner has not been adjudicated in the State Courts and should be raised there before proceeding further."

A review of previous proceedings in this case indicates that grounds (1), (2) and (9) are not ready for review in this Court because state court remedies regarding these issues have not been exhausted. Therefore, grounds (1), (2) and (9) will be dismissed without prejudice.

■ Ground (3) states that petitioner was denied advice of counsel during interrogation, in derogation of the rights guaranteed under the decision in *Escobedo*, supra. Defendant in that case was a twenty-two year old Mexican who had had no previous experience with law-enforcement officers and arrest procedures, but who, nevertheless, repeatedly requested to see his lawyer, who was in the next room. That request was denied him. In the instant case, petitioner was a convicted felon, was warned that anything he said might be used against him, and the confession was, according to his own testimony, voluntary. In Hayes v. United States, 236 F.Supp. 225 (1964), this Court stated that:

"This Court is unable to find any cases which require a lawyer to be present at a time when a confession is voluntarily given." (at page 226).

Further research has revealed no such cases, and as a review of the record indicates that the voluntary nature of petitioner's confession was correctly determined, and as there is no allegation that counsel was requested and denied, the rule laid down in Escobedo, supra, and Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), does not apply to this case. In addition, the rule in *Escobedo* is not retroactive and would not apply to the instant case.

■ The question of whether petitioner's confession was coerced presents an issue of fact, and, in general, a hearing is necessary prior to disposing of a motion for habeas corpus relief, but,

"records of prior proceedings may so completely affirmatively rebut the movant's contentions as to make a hearing unnecessary." Wallis v. United States, No. 66 C 251(1) (E.D.Mo.)

In the case at bar, the trial court afforded petitioner a full hearing, (outside the hearing of the jury), on the issue of voluntariness of the confession. Petitioner stated in his confession that he was advised of his right to remain silent and that anything he said might be used against him, that he was not promised anything nor threatened, and that he gave the confession after telling police that he wished to make a voluntary statement. The trial court concluded that the confession was not coerced. A review of the transcript of the trial indicates that petitioner was accorded a full and fair hearing on this issue and that there is ample evidence to support the finding of fact made by the trial court. As the issue has been fully heard, a second evidentiary hearing on the issue raised by grounds (4), (5) and (6) would be merely repetitious and is, therefore, unnecessary.

The jurors' viewing of the written confession admitted into evidence is not a proper issue for consideration here, as petitions under 28 U.S.C. § 2241 et seq., are not intended to give the petitioner a second opportunity to raise objections to alleged trial errors. Therefore, ground (6) has validity only if the confession was coerced and thus improperly admitted into evidence, which the trial court, properly in the opinion of this Court, determined it was not.

An examination of the transcript of record indicates that there was a great deal of evidence presented against petitioner aside from the written confession, including the testimony of two eye-witnesses. Thus, the record itself refutes the allegation of ground (7).

The sentencing court asked the jury whether they had read any prejudicial newspaper articles during the trial and its refusal to poll the jurors individually is a question of procedure which is not error and is not properly before the Court on a petition for a writ of habeas corpus under 28 U.S.C. § 2241, et seq. Thus, ground (8) presents no issue which may be properly recognized by this Court.

Ground (10), dealing with petitioner's inability to obtain a transcript, actually relates to ground (9), which alleged that petitioner was denied counsel on appeal in violation of his constitutional rights. Ground (9) is eliminated from consideration because petitioner has failed to exhaust state remedies in connection therewith. Ground (10) standing alone does not state a violation of constitutional rights cognizable by this Court under 28 U.S.C. § 2241, et seq.

The Court concludes that the petition presents no meritorious allegations, and, therefore, the request for an evidentiary hearing will be denied.

Petitioner's counsel has requested permission to file an additional brief if it is determined that an evidentiary hearing shall not be granted. This request will be granted and petitioner's counsel is granted up to and including November 1, 1967, to file a supplemental brief. Respondent is granted until November 21, 1967, to reply.

## SUPPLEMENTAL MEMORANDUM

By order of this Court, dated October 13, 1967, the petition of Frank Howard for an evidentiary hearing was denied, but petitioner's counsel was granted until November 1, 1967, in which to file a supplemental brief and respondent was granted until November 21, 1967, to file a reply brief.

In his supplemental brief, petitioner's counsel states that the trial court's refusal to poll the jurors individually as to whether they had read any prejudicial newspaper articles is a sufficient basis for granting petitioner a writ of habeas corpus. In support of this proposition, petitioner's counsel directs the Court's attention to Mares v. United States, 383 F.2d 805 (10th Cir. 1967). Even if the *Mares* decision was binding on the state trial courts of

Missouri, which it is not, its holding would not be helpful to petitioner in the instant case.

In *Mares,* defendants were jointly indicted for armed robbery of a federally-insured savings and loan association. During trial, a news article reporting a confession which had been excluded by the trial court was published under a headline reading, "Robbery Confession Admission Denied." The article was published on Friday, and the jury was not sequestered over the weekend, which fell in the midst of the trial. When the Court convened the following Monday, defense counsel moved for a mistrial on the basis of this article, but did not request the Court to poll the jury as to whether any of them had read it. The Court denied the motion for mistrial. Immediately after a guilty verdict was returned, defendant's counsel renewed his motion for mistrial and requested that the members of the jury be questioned regarding their knowledge of the newspaper report. The Court refused to interrogate the jurors and again denied the motion for mistrial. On Appeal, the Court said, "the failure of the trial court to ascertain whether any of the jurors had been exposed to the prejudicial article makes a new trial imperative."

As the jury was not polled or asked any questions regarding exposure to the prejudicial news article, at most, *Mares* stands for the proposition that an inquiry by the Court concerning this issue was essential under the circumstances.

In the instant case, the trial court addressed the following question to the jury:

> "Gentlemen of the Jury: The Court wishes to know at this time whether any of you since the start of this case has read any newspaper articles or listened to any media of news concerning this case. Is there anyone who has?"

The Court received no response to this question from any of the jurors. It was within the discretion of the trial court to refuse to ask the question again of each juror individually and out of the presence of the others, and reasonable to overrule defendant's motions for a new trial and a mistrial.

The Court commends the zealous efforts of petitioner's counsel, but finds that the trial court's inquiry was sufficient and its refusal to poll jurors individually was not improper, and, therefore, will deny petitioner's application for a writ of habeas corpus.