**Frank HOWARD, Appellant,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Appellee.**

**No. 19165.**

United States Court of Appeals
Eighth Circuit.

Nov. 20, 1968.

Theodore E. Beckemeier, St. Louis, Mo., for appellant.

Walter W. Nowotny, Jr., Asst. Atty. Gen. of Missouri, Jefferson City, Mo., for appellee, Norman H. Anderson, Atty. Gen. of Missouri, Jefferson City, Mo., on the brief.

Before MATTHES, MEHAFFY and HEANEY, Circuit Judges.

MATTHES, Circuit Judge.

This is an appeal by Frank Howard, a Missouri state prisoner, from an order of the United States District Court for the Eastern District of Missouri, Honorable James H. Meredith, denying appellant's petition for a writ of habeas corpus. The district court filed two opinions: The first in October, 1967, and the second in December, 1967. Howard v. Swenson, 293 F.Supp. 18 (E.D.Mo. 1967).

Appellant, indicted under the Missouri Habitual Criminal Statute, § 556.280 R.S.Mo.1959, V.A.M.S., was convicted by a jury in the Circuit Court of the City of St. Louis, Missouri, of forcible rape of a female over the age of sixteen years, in violation of § 559.260 R.S.Mo.1959, V.A.M.S. His appeal from the judgment

of conviction was affirmed. State v. Howard, 360 S.W.2d 718 (Mo.1962). Thereafter, appellant filed a motion to vacate the sentence and judgment pursuant to Missouri Supreme Court Rule 27.26, V.A.M.R. The motion was denied without a hearing. The denial was affirmed. State v. Howard, 383 S.W.2d 701 (Mo.1964).

Appellant advances four contentions in an effort to void his conviction.[1] The first two relate to his confession. The third is focused upon the ruling of the state court relating to a newspaper article. The final claim of error concerns a post-trial matter.

Appellant initially claims that denial of counsel during interrogation by police officers after the arrest violated the Sixth Amendment to the United States Constitution and the due process and equal protection clauses of the Fourteenth Amendment. A brief résumé of the relevant facts will suffice. Appellant was arrested on June 14, 1961. He confessed in writing on June 17.[2] He was not represented by counsel during the course of the interrogation which was conducted sporadically between the time of his arrest and the confession.

■ Appellant relies upon Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). *Escobedo* applies only to cases commenced after June 22, 1964. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882

(1966). Appellant was tried on October, 1961. The question must be resolved in light of Crooker v. California, 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed.2d 1448 (1958), and prior cases. In *Crooker*, as here, the defendant complained of the denial of counsel during the interrogation which led to the confession. The Supreme Court examined the constitutional question and concluded:

"Under these principles, state refusal of a request to engage counsel violates due process not only if the accused is deprived 'of counsel at trial on the merits, Chandler v. Fretag, supra [348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4], but also if he is deprived of counsel for any part of the pretrial proceedings, provided that he is so prejudiced thereby as to infect his subsequent trial with an absence of 'that fundamental fairness essential to the very concept of justice.' Lisenba v. California, 314 U.S. 219, 236, [62 S.Ct. 280, 290, 86 L.Ed. 166] (1941). Cf. Moore v. Michigan, 355 U.S. 155, 160 [78 S.Ct. 191, 194, 2 L.Ed.2d 167] (1957). The latter determination necessarily depends upon all the circumstances of the case." Id. at 439–440, 78 S.Ct. at 1292.

■ We have considered all of the circumstances germane to the interrogation and confession and are not convinced that the failure to furnish counsel was so prejudicial as to infect the sub-

1. Appellant's petition alleged ten grounds for habeas relief. The district court declined to consider four of them for failure of appellant to exhaust his state court remedies. See October, 1967, opinion of district court, supra. Appellant concedes he has not exhausted his remedies as to three of the grounds. We agree with the district court's conclusion as to all four.

2. The confession was in question and answer form. The questioning was conducted by the first assistant circuit attorney for the City of St. Louis. At the outset the following questions and answers appear:

"Question: My name is Quentin Gansloser. I am the first Assistant Circuit Attorney for the City of St. Louis, and I want to ask you about an in-

cident which occurred about March 1st of this year in the 5600 block of Cabanne. Do you wish to give a statement in that matter?
Answer: Yes, sir.
Question: Do you wish to do that on your own free will?
Answer: Yes, sir.
Question: Have you been promised anything or have you been threatened in any manner?
Answer: No, sir.
Question: Do you realize the statement you give may be used in court against you?
Answer: Yes, sir.
Question: Do you still wish to give a voluntary statement?
Answer: Yes."

sequent trial with an absence of fundamental fairness.

The claim of denial of counsel during the interrogation process is closely related to appellant's second contention that his confession was the result of physical coercion and not voluntarily given. This question was the subject of appellant's motion to vacate filed with the Missouri trial court. See 383 S.W. 2d at 702, 703. Judge Meredith also carefully examined the merits of this contention. He concluded "a review of the transcript of the trial indicates that petitioner was accorded a full and fair hearing on this issue," and found "there is ample evidence to support the finding of fact made by the trial court." 293 F.Supp. at 21.

We have independently studied the transcript of the proceedings. At the beginning of the trial, able counsel for appellant challenged the voluntariness of the confession. Thereupon the trial court, acting responsibly, conducted a full hearing out of the presence of the jury, for the purpose of determining the merits of the claim. The police officers who were present or participated in the proceeding testified. The defendant gave his version of the events incident to the interrogation. There was a sharp conflict in the evidence. The officers stated unequivocally that no promises were made to induce the incriminatory statements and that appellant was not, as he claimed, struck or assaulted by anyone. At the conclusion of the hearing, the trial court made a specific finding that the confession had been made voluntarily. This accords with the teachings of the Supreme Court in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

The circumstances surrounding the confession were again fully developed before the jury. The issue was also submitted by an appropriate instruction.

■ As the case comes to us, we cannot say with assurance that the trial court should have excluded the confession. The question of voluntariness necessarily presented an issue of fact, the resolution of which turned on the credibility of the witnesses. The competence of the experienced trial judge to fairly and accurately appraise the oral testimony is not and could not in sincerity be challenged. It is not our function to substitute our judgment for that of the trier of the facts. We find no circumstances to warrant a finding that the evidence shows as a matter of law that the confession resulted from physical or mental coercion.

■ Appellant also complains of the failure of the district court to conduct an evidentiary hearing. It is settled law that where the facts are in dispute, the federal courts, in habeas corpus proceedings, must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in the state court, either at the time of trial or in a collateral proceeding. Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). The guidelines are clearly delineated.

"We hold that a federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing." Id. at 313, 83 S.Ct. at 757.

Appellant has wholly failed to establish any of the circumstances which entitled him to another hearing before the

district court. He does not suggest the existence of newly discovered evidence; he does not complain that the fact-finding procedure of the state court was inadequate to afford a full and fair hearing, or that the material facts were not fully developed in the state court.

■ According due deference to the Missouri fact-finding procedure, the nature and scope of the hearing, the adequacy of the evidence to fairly support the determination, and the lack of any new evidence, we are not persuaded to remand for an evidentiary hearing by the district court. Another hearing would probably result, at best, in a rehash of the same evidence found insufficient by the state trial court, the Missouri Supreme Court and the district court.

■ Appellant also asserts that he was deprived of a constitutional right to a trial by an impartial jury on the ground that the trial judge did not examine each juror individually in regard to an alleged prejudicial news article. The Supreme Court of Missouri in 383 S.W.2d 701, 703 and the district court accorded this claim deliberate consideration and found no prejudice. We are of the same view.

The record shows that when the news article was injected into the case counsel for appellant requested the court to inquire of the jury whether they had "seen the Globe-Democrat of this date and if they have read this article * * *." The court took no action at that time other than to deny the motion for mistrial. Appellant's counsel took exception to the court's action, stating: "let the record show that the defendant has asked the court to determine from the jury, either individually *or as a body*, whether or not they have read this article * * *." (Emphasis supplied.)

Later, upon the request being renewed, the court inquired of the jury collectively whether any had "read any newspaper article or listened to any media of news since the court asked the question yesterday or admonished the jury against doing so." All of the jurors answered in the negative. At that stage of the proceeding, the court declined to poll the jurors individually.

Appellant's reliance upon Mares v. United States, 383 F.2d 805 (10th Cir. 1967), is misplaced. *Mares* was decided upon a direct appeal from the judgment of conviction. It is obvious that the *Mares* Court was confronted with an aggravated situation which could be corrected only by a reversal and remand. The circumstances in *Mares* are readily distinguishable from our case.

In our view the question at issue here was, in the first instance, addressed to the sound discretion of the trial court. We are not convinced that the trial court abused its discretion or that the course it followed was, as a whole, so unreasonable and unfair as to constitute a denial of due process.

We do not reach the merits of appellant's final contention that he was denied access to the record on his direct appeal. If appellant was not represented by counsel in that proceeding, we are confident that if he pursues the course suggested by the Supreme Court of Missouri in State v. Schaffer, 383 S.W.2d 698, 700 (Mo.1964), he will be granted another hearing in that court. The Attorney General of Missouri recognizes appellant has this right and has assured us that if he pursues such remedy a copy of the transcript will be afforded to him.

We find no rational basis for interfering with the order denying habeas relief and affirm.