**STATE of Missouri, Respondent,**

**v.**

**Frank HOWARD, Appellant.**

**No. 49356.**

Supreme Court of Missouri,
Division No. 1.

Feb. 9, 1970.

Paul L. Dobberstein, Jr., St. Louis, Attorney for appellant.

John C. Danforth, Atty. Gen., John C. Craft, Asst. Atty. Gen., Jefferson City, Attorneys for respondent.

REX A. HENSON, Special Judge.

This is a second appeal.

Appellant was convicted of forcible rape of a female over the age of 16 years and was sentenced to 50 years. On the first appeal, this Court affirmed the conviction, State v. Howard (Mo.Sup.) 360 S.W.2d 718.

Since appellant was not represented by counsel on the first appeal, counsel was appointed for him, and he was granted this second appeal.

Appellant's first assignment of error is based on the trial court's failure to grant a mistrial because of prejudicial newspaper articles and on the trial court's refusal to allow appellant to interrogate the jurors individually about these newspaper articles. The motion for new trial makes no reference to these matters. Therefore, these matters are not preserved for review. But, in any event, the trial court did question the jurors collectively about these newspaper articles and elicited a negative response. Since none of the jurors responded affirmatively, the trial court was not required to permit interrogation of the jurors individually, Margoles v. United States (C.C.A. 7) 407 F.2d 727, 735.

As to the second assignment of error, appellant contends that a piece of tape and a gun holster should not have been admitted into evidence because they were the fruits of an illegal search and seizure. This tape and holster tended to prove that appellant was at the scene of the crime (a fact which appellant denied). No motion to suppress was filed prior to or during the trial. No objection was made when these items were introduced into evidence. Nothing was said about this in appellant's motion for new trial. Therefore, this point is not preserved for review. We observe in passing that the evidence in question was found by the police while searching appellant's home. No search warrant had been issued. But written permission had been obtained from appellant's stepfather who apparently had the right to authorize a search by the officers, State v. Medley (Mo. Sup.) 400 S.W.2d 87; State v. Stuart (Mo. Sup.) 415 S.W.2d 766; cf. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797. We also observe that any error in admitting the holster and tape was not prejudicial because these items were introduced for the sole purpose of proving that appellant was at the scene of the crime, and this fact was abundantly established by other evidence which was competent and which was admitted without contradiction or controversion. See State v. Park, 322 Mo. 69, 16 S.W.2d 30, where it was held that no error resulted from an illegal search and seizure where the facts sought to be proved by the illegal evidence were shown by the appellant's own testimony.

A careful review of the transcript reveals no reason to invoke the plain error rule (Criminal Rule 27.20(c), V.A.M.R.).

The judgment is affirmed.

SEILER, P. J., and HOLMAN, J., concur.

STORCKMAN, J., not sitting.