Leroy St. Clair BROWN, Jr., Appellant,

v.

Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.

No. 266–69.

United States Court of Appeals, Tenth Circuit.

May 4, 1970.

Edward Lee Dale, Denver, Colo., for appellant.

Edward G. Collister, Jr., Asst. Atty. Gen. of Kansas (Kent Frizzell, Atty. Gen., on the brief), for appellee.

Before LEWIS, Chief Judge, BREITENSTEIN and SETH, Circuit Judges.

LEWIS, Chief Judge.

This case reaches us on appeal from denial of relief after evidentiary hearing sought by a petition for habeas corpus lodged in the United States District Court for the District of Kansas. After duly exhausting his state remedies,[1] appellant Brown brought before the court below multiple claims of federal constitutional error in the state court proceedings leading to his internment: a) admission into evidence of a confession in-

voluntarily made, coupled with b) the failure to provide him with counsel at the initial stages of the proceedings against him; c) admission of evidence obtained pursuant to an illegal search and seizure; d) failure to record the prosecutor's closing argument wherein prejudicial comment was levied against him; e) exclusion of blacks from the jury; and f) suppression of favorable medical evidence by the state. Brown has also urged on appeal the invalidity of certain pretrial identification procedures. We conclude that the lower court's denial of relief was proper.

On March 25, 1964, Brown was tried by jury and convicted on two robbery counts, two burglary, and one forcible rape. After his motion for new trial was overruled, Brown was sentenced to four consecutive 15-year terms and, with the Kansas habitual criminal statute properly invoked, received a life sentence on the fifth count. The trial court had explored the asserted involuntariness of a confession obtained from Brown in a closed hearing held at the beginning of the trial. Brown's testimony was taken on the issue, as well as that of the two detectives who had interrogated him. The two arresting officers later testified at trial, and that partial transcript was available below. The convictions were affirmed in State v. Brown, 198 Kan. 473, 426 P.2d 129, detailing the factual background of the case. State court review was directed to each of the arguments presented to the court below, except for removal of all blacks on the jury panel and suppression of the medical reports. Thereafter, Brown was denied federal habeas corpus relief for failure to exhaust state remedies, Brown v. Crouse, 10 Cir., 395 F.2d 755, and his subsequent motion filed with the sentencing court was denied.[2]

---

1. The court found that the state remedies were exhausted because the sentencing court failed to respond to appellant's motion attacking sentence properly filed pursuant to Kan.Stat.Ann. § 60–1507 (1964). At hearing below the state produced a journal entry indicating that the state court had summarily denied relief. However, the lower court had already conducted a full evidentiary hearing on appellant's allegations and proceeded to its completion.

2. See note 1 *supra*.

In the instant case, the lower court heard testimony of appellant and the former prosecutor who had represented the state in Brown's trial. After also independently reviewing the transcript of the hearing on voluntariness of the confession and the partial transcript of the state's opening statement and testimony of Brown and the arresting officers, the court from the bench made detailed findings against appellant, concluded that the state court determinations on identical issues were supported by the record, and subsequently formalized these findings and conclusions in a journal entry.

Because the substance of all but one of Brown's allegations in state and federal court has always turned on conflicting testimony, our review does not extend to a reevaluation of conflicting evidence or credibility of witnesses as reflected in the findings. *E. g.*, Linebarger v. State, 10 Cir., 404 F.2d 1092, 1094 & nn. 3–4, citing cases, cert. denied sub nom. Linebarger v. Page, 394 U.S. 938, 89 S.Ct. 1218, 22 L.Ed.2d 470. We therefore isolate those issues which survive the weight and credibility factors.

Brown alleged that his confession was coerced by both physical abuse and the threatened arrest of his family. Although no one finding below or in the state review was directed to the allegation of threats against the family, the record discloses unrefuted testimony of an arresting officer that Brown had implicated his brother in one crime and warrants were then issued for the entire family, which was questioned. Without more from Brown, this allegation reaches no higher than an evaluation of conflicting testimony, on the whole resolved against Brown within the lower court's attention to all claims of coercion.

We find more problematical the related issue of denial of the right to counsel during the time Brown was booked before a local justice of the peace when the rape victim identified him as her assailant and during the interrogation when the confession was secured. First Brown postulates that the retroactivity bar of Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, applies only to the due process rights established in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 and that his entitlement to *Miranda's* protections can be maintained under an equal protection rationale. Thus, relying on our decision in Earnest v. Willingham, 10 Cir., 406 F.2d 681 (failure to appoint counsel when retained counsel permitted at federal revocation hearings denial of equal protection), Brown argues that the failure to furnish him counsel from the time he was booked infringed his right to equal protection. Our short answer is that appellant's conviction admittedly preceded the effective date of *Miranda* and that *Johnson* cannot be skirted by invoking the equal protection clause. *See* Howard v. Swenson, 8 Cir., 404 F.2d 469, 471. Appellant also contends that any denial of retroactivity to *Miranda* does not apply to the bearing of lack of those rights on the voluntariness of any confession, and we agree. However, this argument presupposes a set of findings at variance with the lower court's fully supported determination that the confession was voluntary, given after appellant had been advised of his rights to remain silent and have the assistance of counsel and that any statement could be used against him. *E. g.*, Leighton v. Cox, 10 Cir., 365 F.2d 122, 124; Latham v. Crouse, 10 Cir., 320 F.2d 120, 122, cert. denied, 375 U.S. 959, 84 S.Ct. 449, 11 L.Ed.2d 317.

Secondly, Brown claims that, *Miranda* aside, he was entitled to counsel during the booking and interrogation proceedings, and again he asserts an equal protection right resting this time on Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (indigent entitled to be furnished with transcripts on appeal). Again, the resort to equal protection would avoid our viewing the question in light of Hamilton v. Alabama,

368 U.S. 52, 53, 82 S.Ct. 157, 158, 7 L. Ed.2d 114, which set out the due process test for the absolute right to counsel at "a critical stage in a criminal proceeding." We find no authority to support appellant's theory and, with no Kansas decisions on point, are not persuaded to extend the right to counsel to a stage where the danger of involuntary confession can be remedied by appropriate hearing on voluntariness and collateral relief, as here. *Cf.* Crooker v. California, 357 U.S. 433, 439–440, 78 S.Ct. 1287, 2 L.Ed.2d 1448 (pre-*Miranda* law); Howard v. Swenson, *supra.*

 Next, the incidence of prejudicial comment in the state's closing argument developed to no more than a conflict in testimony between appellant and the then prosecutor resolved unfavorably to Brown, and the court below correctly ruled that in these circumstances there was no error in the state's failure to record the prosecutor's summation. *See* Linebarger v. State, *supra,* 404 F.2d at 1094. Brown also challenged below the jury selection resulting in an all-white jury after blacks had been peremptorily challenged from a mixed panel. We agree with the lower court that no cognizable due process or fair trial defect was presented by appellant's claim that he was entitled to be tried by a jury on which blacks were represented.

We uphold the lower court's finding that there was no suppression of evidence. The subject reports consisted of two doctors' examination of the complainant rape victim, and revealed no medical evidence of the alleged attack. Witness Smith, who had represented the state against appellant, unequivocally testified that the existence of the reports was known to defense counsel, that they had been made available to counsel and were mentioned by counsel in his opening statement but not later produced.[3]

Appellate counsel also contends that Brown was denied constitutional safeguards during certain pretrial identification procedures to which he was subjected after arrest. This issue is presented for the first time in this court and is thus both improper for and incapable of review. Johnson v. Patterson, 10 Cir., 367 F.2d 268.

Affirmed.

3. As indicated by the court below, the victim testified that her assailant told her that he used a protective device. The negative reports were thus not dispositive of the veracity of her charge.