Frank HOWARD, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 35044.

Missouri Court of Appeals,
St. Louis District,
Division Two.

May 1, 1973.

Kenneth M. Weinstock, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, John Chancellor, Asst. Atty. Gen., St. Louis, for respondent.

KELLY, Judge.

This appeal from a judgment of the Circuit Court of the City of St. Louis denying appellant's motion to set aside and vacate his conviction was filed under the authority of Rule 27.26, V.A.M.R. After an evidentiary hearing the trial court entered a judgment after reciting its findings of fact and conclusions of law. Although appellant raised 26 grounds for his motion, on appeal he relies on only four. These are:

1. Evidence used against him was the fruit of an unlawful search and seizure;

2. Confessions secured "by protracted and repeated questioning of an ignorant and untutored person in whose mind the power of an officer is greatly magnified all out of proportion", cannot stand;

3. Ineffective assistance of counsel in the defense of his case;

4. The State failed to furnish appellant with a copy of the trial transcript for the perfection of an appeal at the State's expense since the prisoner was unable to pay for the transcript.

While the aforementioned "Points Relied On" presented to this court in appellant's brief, with the possible exception of Point #4, do not comply with Rule 84.-05(d) because they set out only abstract statements of law without showing how they are related to any action or ruling by the court, we shall, nonetheless, undertake consideration of them for the purposes of disposing of this appeal.

Appellant has been to the well on five previous occasions seeking to have his conviction set aside and vacated; each time he has not quaffed of the dulcet waters of freedom. On October 19, 1961, appellant was convicted by a jury of the crime of forcible rape of a female over the age of sixteen years in violation of Section 559.260 RSMo 1969, V.A.M.S. The trial court had conducted a hearing on the issue of the applicability of the Second Offender Act, Section 556.280 RSMo 1969, out of the presence of the jury, and upon the determination that it was applicable, upon receipt of the jury verdict and denial of the motion for new trial, sentenced appellant to fifty years in the custody of the Missouri Department of Corrections. Trial counsel filed a timely notice of appeal. The evidentiary facts are set out in that appeal, State v. Howard, 360 S.W.2d 718 (Mo., 1962), and it would serve no purpose to reiterate them here. After filing his notice of appeal, trial counsel withdrew

from the fray and did not file a brief in the Supreme Court, nor did he appear to argue. The Supreme Court, as it was required to do, reviewed the record and the charges of trial error preserved in the motion for new trial filed with the trial court. Rule 27.20 and Rule 28.02. The conviction was affirmed.

Appellant then filed a 27.26 motion in the trial court seeking the vacation of the judgment; this motion was denied by the trial court and the action of the trial court was affirmed on appeal. State v. Howard, 383 S.W.2d 701 (Mo., 1964). A writ of habeas corpus filed in the United States District Court attacking appellant's incarceration was his next attempt to overthrow the conviction, but once again his efforts proved fruitless. Howard v. Swenson, 293 F. Supp. 18 (E.D.Mo., 1967). An appeal was then taken to the Eighth Circuit Court of Appeals from the denial of the writ of habeas corpus in the District Court to no avail. Howard v. Swenson, 404 F.2d 469 (1968). However, following the disposition of his appeal in the Eighth Circuit Court of Appeals, the judgment of the Supreme Court of Missouri affirming his conviction was set aside for the reason that appellant had not had representation by counsel at that time. State v. Schaffer, 383 S.W.2d 698, 700 (Mo., 1964). Counsel was appointed to present the appeal, and after briefs were filed in the Supreme Court of the State of Missouri and the case argued, the conviction of October 19, 1961, was once again affirmed. State v. Howard, 449 S.W.2d 662 (Mo., 1970). Appellant's next sojourn into the halls of justice was the filing of the motion now presented to us for review.

Prior to setting sail into appellant's troubled waters, there are certain fundamental rules of review applicable to motions filed pursuant to Rule 27.26 which we feel constrained to point out. A motion filed under Rule 27.26 is an independent civil action and the procedure before the trial court and on appeal is governed by the Rules of Civil Procedure insofar as appli-cable. Rule 27.26(a). The prisoner has the burden of establishing his grounds for relief by a preponderance of the evidence. Rule 27.26(f). Appellate review of an order overruling a motion filed under Rule 27.26 is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j), State v. Lang, 491 S. W.2d 12, 14 [1] (Mo.App., 1973).

Appellant was present in person and by counsel at the evidentiary hearing afforded him subsequent to the filing of his motion to vacate. The same judge who presided at the trial in October, 1961, also presided at the evidentiary hearing despite the allegations made at a prior proceeding that said judge was prejudiced against the appellant. When he was afforded the opportunity to object to the same judge presiding at the evidentiary hearing, appellant said he had no objection. The only witness giving testimony at the evidentiary hearing was the appellant. The court file and transcript of the record of the trial were judicially noticed and at the conclusion of the evidentiary hearing the parties were given an opportunity to furnish the court with briefs. After the briefs were filed, the Court took the matter under submission and subsequently entered findings of fact and conclusions of law on all issues presented in the motion, and then entered judgment denying the motion. Rule 27.26(i).

Appellant's contention that the evidence, a piece of tape and a gun holster, used against him at the trial on the charge of Rape, was illegally seized without a search warrant has been considered and ruled adversely for the reason that the search was conducted with the written permission of the appellant's step-father who was the owner of the premises within which the evidence was found and the evidence was admitted for the sole purpose of proving that the defendant was present at the scene of the crime. We hold that this finding was not clearly erroneous. State v. Howard, 449 S.W.2d 662, 663 [3, 4] (Mo., 1970).

Appellant's next contention that the confessions introduced into evidence against him in the trial of the rape charge were inadmissible has also been ruled against him. The trial court conducted a lengthy evidentiary hearing out of the presence of the trial jury on the voluntariness issue, and then submitted that issue to the jury under an approved instruction. There was sufficient evidence without the confession to support a conviction of the offense charged. This point has already been decided adversely to the appellant. State v. Howard, 383 S.W.2d 701, 702 [1] (Mo., 1964). Howard v. Swenson, 293 F.Supp. 18, 21 [5] (E.D.Mo., 1967), affirmed 404 F.2d 469, 472 [3, 5] (8th Cir., 1968). We also rule that this finding of the trial court is not clearly erroneous.

The contention of the appellant that he was the victim of ineffective assistance of counsel has also been ruled against appellant. State v. Howard, 383 S.W.2d 701, 704 [5] (Mo., 1964). We rule that this finding of the trial court is also not clearly erroneous.

Appellant's final contention that the State failed to furnish him with a free copy of the trial transcript for perfection of his appeal has been refuted by the trial court's finding that his counsel in his second appeal was furnished the transcript. We find no clear error in this finding of the trial court. Griffin v. Illinois, 351 U. S. 12, 19, 76 S.Ct. 585, 100 L.Ed. 891 (1956). State v. Howard, 383 S.W.2d 701, 704 [6] (Mo., 1964).

In the Argument portion of his brief filed in this court appellant argues that the rules enunciated in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L. Ed.2d 977 (1964) and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) apply to the issue of the admissibility of the confessions at the time he was on trial for the offense of rape in 1961. He bases this on the setting aside of the judgment affirming the trial court on his first direct appeal. Like his other contentions, this too is without merit. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966) limits the retroactive effect of Escobedo to June 22, 1964, and Miranda to June 13, 1966, and specifically states that the safeguards announced in those cases do not apply to cases pending on appeal when Escobedo and Miranda were decided but only to cases commenced after the dates of the respective opinions. Johnson v. State of New Jersey, supra, p. 734, 86 S.Ct. 1772.

We have reviewed appellant's motion, the evidence offered in support thereof, the findings of fact, conclusions of law and the judgment of the trial court following the evidentiary hearing on this motion, and we conclude that the judgment of the trial court is not clearly erroneous and must, therefore, be affirmed.

We affirm.

SMITH, P. J., and SIMEONE, J., concur.